# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:15-cv-001005-RGA<br>)<br>)<br>)<br>)<br>)<br>) |

## OPENING BRIEF IN SUPPORT OF
## DEFENDANT CONTINENTAL MOTORS, INC.'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## MOTION FOR SUMMARY JUDGMENT AND ITS MOTION TO STRIKE

WILKS, LUKOFF & BRACEGIRDLE, LLC

Paul M. Lukoff (Bar No. 96)
Andrea Brooks (Bar No. 5064)
1300 N. Grant Avenue, Suite 100
Wilmington, Delaware 19806
Telephone:   (302) 225-8150
Facsimile:    (302) 225-8151
plukoff@wlblaw.com
abrooks@wlblaw.com

*Attorneys for Continental Motors, Inc. and Teledyne Continental Motors, Inc. (improperly named as a separate entity defendant in this action)*

Dated: March 28, 2016

# TABLE OF CONTENTS

**Page**

I. **Nature and State of Proceedings** .................................................................................1

II. **Summary of Argument**.................................................................................................1

III. **Statement of Facts**........................................................................................................2

    A. The Aircraft and the Accident................................................................................2

    B. The Lawsuit ...........................................................................................................3

IV. **Argument**......................................................................................................................3

    A. Standard of Review................................................................................................3

        1. Motion to Dismiss or, in the alternative, Motion for Summary Judgment .................................................................................3

        2. Motion to Strike .........................................................................................5

    B. CMI cannot be held liable to Plaintiffs because it was not the manufacturer of the Subject Magneto...................................................................6

    C. The 20 other accidents referenced in the Plaintiffs' Complaint should be stricken because the other accidents have no relation to this controversy and will be inadmissible at trial, the other accidents are highly prejudicial to CMI (and the other Defendants), and any reference to the other accidents will confuse the issues in the case.......................................................................................................................6

V. **Conclusion** ....................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                     **Page**

*Barker v. Deere & Co.*,
   60 F.3d 158 (3d Cir. 1995)..................................................................................................7

*Boatright v. Crozer-Keystone Health Sys.*,
   No. 14-7041, 2015 WL 4506559 (E.D. Pa. July 24, 2015) ........................................5

*Brough v. Ort Tool & Die Corp.*,
   149 S.W.3d 493 (Mo. Ct. App. 2004)..................................................................................6

*Brower v. Metal Indus., Inc.*,
   719 A.2d 941 (Del. 1998) ....................................................................................................6

*Delaware Health Care, Inc. v. MCD Holding Co.*,
   893 F. Supp. 1279 (D. Del. 1995)........................................................................................5

*Jackson v. Louisville Ladder, Inc.*,
   No. 1:11-cv-1527, 2014 WL 460849 (M.D. Pa. Feb. 5, 2014)............................................7

*Massey-Ferguson, Inc. v. Wells*,
   383 A.2d 640 (Del. 1978) ....................................................................................................6

*McInerney v. Moyer Lumber & Hardward, Inc.*
   244 F. Supp. 2d 393 (E.D. Pa. 2002)................................................................................5,6

*Nachtsheim v. Beech Aircraft Corp.*,
   847 F.2d 1261 (7th Cir. 1988) ..........................................................................................7,8

*Nesbitt v. Sears, Roebuck & Co.*,
   415 F. Supp. 2d 530 (E.D. Pa. 2005)...................................................................................7

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
   630 F. Supp. 2d 395 (D. Del. 2009).....................................................................................5

*Uitts v. General Motors Corp.*,
   411 F. Supp. 1380 (E.D. Pa. 1974)......................................................................................7

**Rules**

Fed. R. Civ. P. 12(b) ..................................................................................................................3,5

Fed. R. Civ. P. 56 .......................................................................................................................4,5

Fed R. Civ. P. 12(f).......................................................................................................................5

**Other**

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382........................5

Continental Motors, Inc.[1] ("CMI") respectfully submits the following brief in support of its motion to dismiss or, in the alternative, motion for summary judgment and its motion to strike references to 20 other aircraft accidents in Plaintiffs' Complaint.

## I. Nature and Stage of Proceedings

Plaintiffs filed the Complaint in this action on November 2, 2015. (*See* D.I. 1.) Summons upon Defendants was issued on February 16, 2016.

Defendant CMI now moves to dismiss or, in the alternative, for summary judgment as to Plaintiffs' claims against CMI on the basis that there is no evidence that CMI was the manufacturer of the magneto installed on the Aircraft at the time of the Accident. Defendant CMI also moves to strike Plaintiffs' reference to 20 other aircraft accidents from the Complaint.

## II. Summary of Argument

1. This lawsuit arises from the death of James A. Quinn resulting from the crash of a Piper PA-32R-301 aircraft, Reg. No. N408DM (the "Aircraft"), near Kirksville, Missouri on November 5, 2013 (events referred to as the "Accident"). (*See* D.I. 1, ¶ 33.) Plaintiffs allege that CMI manufactured the magneto installed on the Aircraft. (*See id.*, ¶ 22.) The magneto installed on the Aircraft at the time of the Accident, however, has a data plate identifying it as a "Kelly Aerospace" magneto. There is no evidence that CMI manufactured the magneto installed on the Aircraft and, therefore, this Court should dismiss Plaintiffs' claims against CMI.

2. Moreover, Paragraph 61 of Plaintiffs' Complaint, including subparagraphs a. through t., and, specifically, the references in Paragraph 61 to 20 other aircraft accidents should be stricken pursuant to Federal Rule of Civil Procedure 12(f) on the basis that those allegations

---

[1] In addition to Continental Motors, Inc. ("CMI"), Teledyne Continental Motors, Inc. was improperly named as a separate defendant in this action. To the extent that a response to the Plaintiffs' Complaint is required by Teledyne Continental Motors, Inc., CMI's Motion to Dismiss or, in the alternative, Motion for Summary Judgment and its Motion to Strike, and its brief in support are also filed on Teledyne Continental Motors, Inc.'s behalf.

1

are immaterial and impertinent because they do not bear any relation to this case and will be inadmissible at trial. Additionally, any reference to the other 20 accidents will be highly prejudicial to CMI (and the other Defendants) and will confuse the issues in this case.

### III.   Statement of Facts

#### A.   The Aircraft and the Accident

The engine installed on the Aircraft was a Lycoming IO-540-K1G5D engine (the "Engine"). (*See* Affidavit of Tim Davis, attached hereto as Exhibit A, ¶ 3.) The magneto installed on the engine was the Subject Magneto. (*See id.*) The magneto provides electrical energy to the engine's ignition system. (*See id.*) This electrical energy (or "spark") from the magneto causes fuel combustion to occur, which causes the engine to operate or produce power. (*See id.*)

1.   The Kelly Aerospace Magneto, Part No. 10-682560-13R, Serial No. E050845 (the "Subject Magneto") was installed on the Engine on May 9, 2013 by Poplar Grove Airmotive, Inc. in Poplar Grove, Illinois. (*See* Ex. A, ¶ 4; Excerpt from the Aircraft's Engine Logbook, attached to Ex. A as Exhibit 2).

2.   The National Transportation Safety Board (the "NTSB") examined the Aircraft's airframe and engine on November 7, 2013. According to the NTSB, the Subject Magneto was "Kelly Aerospace 10-682560-13R, serial number E050845." (*See* Ex. A, ¶ 5; NTSB Airframe and Engine Examination Report, attached to Ex. A as Exhibit 3).

3.   The Subject Magneto had a data plate that identified it as a Kelly Aerospace magneto, Part No. 10-682560-13R, Serial No. E050845. (*See* Ex. A, ¶ 6; Photograph of the Subject Magneto, attached to Ex. A as Exhibit 4).

    4.    CMI does not manufacture a magneto with the part number 10-682560-13R. (*See* Ex. A, ¶ 7.)

### B. The Lawsuit

    5.    On November 2, 2015, Plaintiffs Joan E. Quinn, as personal representative of the Estate of James Albert Quinn, deceased, James Arnold Quinn, Elizabeth Quinn, Stephanie Pfeilsticker, Sarah Quinn, and Erin Quinn filed this action against CMI (and other Defendants) alleging various causes of action arising out of the Accident. (*See* D.I. 1.)

    6.    The Plaintiffs allege that CMI was the manufacturer of the magneto installed on the Aircraft. (*See, e.g.*, D.I. 1, ¶ 22, 121.) According to the Plaintiffs, the Accident was caused by "defects in the equipment and components utilized on the accident aircraft." (*Id.*, ¶ 44.) Based on this allegation, Plaintiffs alleged strict liability, negligence, and breach of warranty against CMI. (*See id.*, ¶ 108-38.)

    7.    In their Complaint, the Plaintiffs improperly included references to 20 other aircraft accidents allegedly related to the attachment of the magneto to the engine. (*See* D.I. 1, ¶ 61a. - t.) Fifteen of these other accidents involve aircraft other than a Piper PA-32R-301 and there is no allegation that the remaining five accidents involve a failure mechanism similar to the one involved in this case. (*See id.*)

## IV. Argument

### A. Standard of Review

#### 1. Motion to Dismiss or, in the alternative, Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 12(b)(6):

> [A] court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule

3

> 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 127 S.Ct. at 1965 (internal citations and footnote omitted).

*Brousseau v. Laccetti*, No. 09-403 (JAP), 2009 WL 4015647, *2 (D. Del. Nov. 16, 2009).

If, however, this Court converts CMI's motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, then:

> A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). If the moving party has demonstrated the absence of a genuine dispute of material fact, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (internal quotation marks omitted). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, [477] U.S. 317, 322–23 (1986). During this process, the Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

> However, in order to defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586–87; *see also Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks and citation omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material

> fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Facts that could alter the outcome are "material," and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support the assertion either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

*Blakeman v. Freedom Rides, Inc.*, No. 12-416-LPS-CJB, 2013 WL 3503165, *5 (D. Del. July 10, 2013).

### 2. Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (2d ed. 1990)). "'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* at 1292; *see also Boatright v. Crozer-Keystone Health Sys.*, No. 14-7041, 2015 WL 4506559, *6 (E.D. Pa. July 24, 2015) (holding that allegations in a complaint will be stricken if no evidence in support of the allegation would be admissible). A motion to strike should be granted if "'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber & Hardward, Inc.* 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

5

**B.     CMI cannot be held liable to Plaintiffs because it was not the manufacturer of the Subject Magneto.**

In order to be held liable in a products liability case, the party alleged to have manufactured the product that allegedly caused a plaintiff's injury must have actually manufactured the product. *See Brower v. Metal Indus., Inc.*, 719 A.2d 941, 944 (Del. 1998) (referring to the duty of a manufacturer); *Massey-Ferguson, Inc. v. Wells*, 383 A.2d 640, 642 (Del. 1978) (stating that a party has to act as a "reasonably prudent manufacturer"); *Brough v. Ort Tool & Die Corp.*, 149 S.W.3d 493, 496-99 (Mo. Ct. App. 2004) (affirming summary judgment in favor of a party that did not manufacture the product).[2] In this case, the NTSB identified the Subject Magneto as "Kelly Aerospace 10-682560-13R, serial number E050845." (*See* Ex. A, ¶ 5; Ex. 3 to Ex. A.) Moreover, the Subject Magneto also had a data plate identifying it as a Kelly Aerospace magneto, Part No. 10-682560-13R, Serial No. E050845. (*See* Ex. A, ¶ 6; Ex. 4 to Ex. A.) Finally, CMI does not manufacture a magneto with the part number 10-682560-13R. (*See* Ex. A, ¶ 7.) There is no evidence that CMI manufactured the Subject Magneto, the very part for which Plaintiffs' seek to hold CMI liable, and, therefore, this Court should dismiss Plaintiffs' claims against CMI and/or enter summary judgment in favor of CMI.

**C.     The 20 other accidents referenced in the Plaintiffs' Complaint should be stricken because the other accidents have no relation to this controversy and will be inadmissible at trial, the other accidents are highly prejudicial to CMI (and the other Defendants), and any reference to the other accidents will confuse the issues in the case.**

In this case, the Plaintiffs allege the Accident was caused by "defects in the equipment and components utilized on the accident aircraft." (D.I. 1, ¶ 44.) The 20 other accidents described in the Plaintiffs' Complaint will be inadmissible at trial because they are not substantially similar to the Accident underlying this case. Additionally, any reference to the 20

---

[2] At this point, CMI does not take a position as to whether Delaware or Missouri (the place of injury) law applies in this case.

6

other accidents listed in Paragraph 61 of the Plaintiffs' Complaint will be highly prejudicial to CMI (and the other Defendants) and will confuse the issues in this case.

Other accidents are relevant and admissible in a products liability case only "if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Barker v. Deere & Co.*, 60 F.3d 158, 162 (3d Cir. 1995); *see also Jackson v. Louisville Ladder, Inc.*, No. 1:11-cv-1527, 2014 WL 460849, *4 (M.D. Pa. Feb. 5, 2014) (holding that other ladder accidents were not admissible because the accidents were not substantially similar); *Nesbitt v. Sears, Roebuck & Co.*, 415 F. Supp. 2d 530, 536 (E.D. Pa. 2005) (holding that the involvement of the product at issue in the current litigation is insufficient to show substantial similarity). In *Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), this Court recognized that "[p]roof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters." The Court also stated that introducing evidence of additional accidents would necessarily lead to a "mini-trial" on each of the other accidents, which "would lengthen the trial considerably and the minds of jurors would be diverted from the claim of the plaintiffs to the claims [regarding the other accidents.]" *Id.*; *see also Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1266-70 (7th Cir. 1988) (holding that the introduction of another accident that was not substantially similar would be highly prejudicial and lead to a confusing and timely mini-trial on the other accident).

In this case, evidence of the 20 other accidents listed in the Plaintiffs' Complaint bears no relation to the Accident at issue in this case and will be in admissible at trial because the accidents are not substantially similar. According to the Complaint, the 20 other aircraft accidents listed were allegedly caused by the attachment of the magneto to the engine. (*See* D.I.

1, ¶ 61a. - t.) A closer look at the Plaintiffs' allegations, however, shows that none of the accidents listed are substantially similar even from the allegations made in the Complaint. First, 15 of the 20 other accidents listed in Paragraph 61 involve a different aircraft than the one that crashed in this case. (*See id.*, ¶ 61a., c., d., e., f., h., i., j., l., m., n., p., r., s., t.) Additionally, Plaintiffs do not allege that any of the remaining five accidents are in any way substantially similar to the Accident in this case. (*See id.*, ¶ 61b., g., k., o., q.) Therefore, none of the 20 accidents listed in Paragraph 61 will be admissible at trial and any reference to those accidents should be stricken from the Complaint.

Moreover, allowing the Plaintiffs to reference the 20 other aircraft accidents in their Complaint would be highly prejudicial to CMI (and the other Defendants). As other courts have recognized, the jury might infer from the reference to these other accidents that the allegedly defective condition existed and was the cause of the accident at issue in this case solely based on the existence of the other accidents. *See Nachtsheim*, 847 F.2d at 1268-69. Finally, the reference to the other accidents in the Plaintiffs' Complaint will undoubtedly confuse the issues in this case. Rather than focusing solely on the accident at issue in this case, the jury will also be forced to determine what caused the other accidents and who was at fault. In other words, the reference to the other accidents will essentially cause a mini-trial on each of the 20 additional accidents and detract from the pertinent issues in this case. As such, the references in Paragraph 61, including subparagraphs a. through t., of the Plaintiffs' Complaint to the 20 other aircraft accidents should be stricken.

### V.     Conclusion

In this case, this Court should dismiss Plaintiffs' claims against CMI and/or enter summary judgment in favor of CMI because there is no evidence that CMI manufactured the

Subject Magneto. Moreover, the Plaintiffs' references to 20 other aircraft accidents in Paragraph 61 of the Complaint should be stricken because evidence of those accidents does not bear any relation to this case and will be inadmissible at trial, any reference to the other accidents will be highly prejudicial to CMI (and the other Defendants), and any reference to the other accidents will confuse the issues in this case.

WHEREFORE, CMI respectfully requests that this Court dismiss Plaintiffs' claims against CMI and/or enter summary judgment in favor of CMI because there is no evidence that CMI is the manufacturer of the Subject Magneto. Moreover, CMI respectfully requests that this Court strike Paragraph 61, including subparagraphs a. through t., and, specifically, the references in Paragraph 61 to 20 other aircraft accidents.

WILKS, LUKOFF & BRACEGIRDLE, LLC

By: *Andrea S. Brooks*
Paul M. Lukoff (Bar No. 96)
Andrea Brooks (Bar No. 5064)
1300 North Grant Avenue, Suite 100
Wilmington, Delaware 19806
plukoff@wlblaw.com
abrooks@wlblaw.com

*Attorneys for Continental Motors, Inc. and Teledyne Continental Motors, Inc. (improperly named as a separate entity defendant in this action)*

Dated: March 28, 2016