# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased, et al. | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 15-cv-1005-RGA |
| v. | )<br>)<br>) |
| AVCO CORPORATION, LYCOMING ENGINES, CONTINENTAL MOTORS, INC., TELEDYNE CONTINENTAL MOTORS, INC., BENDIX CORPORATION, ALLIED-SIGNAL, INC., HONEYWELL INTERNATIONAL, INC., JOHN DOE 1-50, JOHN DOE 51-100 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' MOTION TO STAY

Plaintiffs, Joan Quinn, individually and as Personal Representative of the Estate of James Albert Quinn, Deceased, James Arnold Quinn, Elizabeth Quinn, Stephanie Pfeilsticker, Sarah Quinn and Erin Quinn (collectively, "Plaintiffs") hereby move the Court to Stay this action pending a resolution of Continental Motors, Inc.'s jurisdictional motion to dismiss in the Circuit Court of Milwaukee County, Wisconsin, Case No. 15-CV-009007. In support of the Motion[1], Plaintiffs state as follows:

1.  Plaintiffs filed suit against the Defendants seeking damages arising out of an aircraft accident that occurred in Kirksville, Missouri on November 5, 2013.

2.  Plaintiffs, in an effort to be thorough in preserving and asserting claims, has filed suit for the claims asserted in this action in multiple jurisdictions, including the Superior Court of

---

[1] Pursuant to D. Del. LR 7.1.1, counsel for Plaintiffs has conferred with counsel for Defendants regarding the filing of this Motion. The Continental Defendants oppose the Motion. The Avco and Honeywell Defendants take no position as to the Motion.

Connecticut, Judicial District of Hartford, D.I. HHD-CV-15-6063495; Circuit Court of Cook County, Illinois, Case No. 2015 L 11275; and Circuit Court of Milwaukee County, Wisconsin, Case No. 15-CV-009007.

3. The primary action is pending in the Circuit Court of Milwaukee County, Wisconsin and is styled *Quinn v. Wisconsin Aviation, et al*, No. 2015-cv-90078 (Wis. Milwaukee County) (hereinafter "Wisconsin action").

4. The Wisconsin action asserts claims against the same Defendants as named here, and 4 separate maintenance companies. A copy of the Complaint filed in the Wisconsin action is attached as Exhibit A.

5. Defendant Continental Motors, Inc. ("CMI") filed a motion to dismiss for lack of personal jurisdiction in the Wisconsin action, which was filed on December 30, 2015. The Court ordered a 90 day jurisdictional discovery period and a supplemental briefing deadline of July 29, 2016. The motion and opposition will be heard on August 18, 2016.

6. Plaintiffs have also been negotiating stipulations to dismiss Defendants in this case that are not challenging jurisdiction in the Wisconsin action.

7. Plaintiffs respectfully request the Court to stay this proceeding pending a resolution of the jurisdictional motion to dismiss in the Circuit Court of Milwaukee County, Wisconsin. Plaintiffs further request that any stay entered does not preclude the parties from filing Stipulations of Dismissal or Motions to Dismiss.

8. The Court has the sound discretion to stay this action. *St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 774 F.Supp.2d 596 (D. Del. Mar. 15, 2011) (citing *Cost Bros, Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). The power to stay a proceeding is derived from the Court's inherent power to efficiently manage its own docket. *Id.*

9. When granting a motion to stay, a district court considers three factors: "the potential prejudice to the non-moving party, any hardship and inequity to the moving party in the absence of a stay, and judicial economy." *Id.* at *3. Under this three factor analysis, a stay of this savings action pending resolution of CMI's Motion to Dismiss in the primary action is appropriate.

10. First, allowing the Wisconsin Court to decide whether it can exercise jurisdiction over CMI will not prejudice the parties. If jurisdiction exists, then the primary case will carry onward, and this savings action may not be necessary at all. Alternatively, if the Wisconsin Court grants CMI's Motion, the stay can be lifted and this action can proceed against CMI and any remaining defendant in this action.

11. If the stay is not granted, Plaintiffs will be prejudiced by litigating issues on multiple fronts, which could lead to inconsistent rulings and increased costs and expenses.

12. A stay would promote judicial resources because absent a stay, the Court will spend its time and resources on matters that are being simultaneously adjudicated in the primary action. Not only would a stay help to preserve judicial resources, it would also limit unnecessary expenses to the parties. It would be most efficient to reach a resolution of the jurisdictional motion to dismiss in Wisconsin before expending additional resources litigating this matter in Delaware.

13. Plaintiffs propose the filing of a joint report as to the status of the Wisconsin jurisdictional question and the stay of the claims in this Court within 15 days of receiving an Order from the Circuit Court of Milwaukee County, Wisconsin on Continental Motors, Inc.'s motion to dismiss.

**WHEREFORE**, Plaintiffs Joan Quinn, individually and as Personal Representative of the Estate of James Albert Quinn, Deceased, James Arnold Quinn, Elizabeth Quinn, Stephanie Pfeilsticker, Sarah Quinn and Erin Quinn move the Court to enter an order staying this proceeding pending the parties' report to the Court concerning resolution of pending jurisdictional challenge in Wisconsin, on the basis set forth above. A proposed order is being supplied herewith.

Dated: April 27, 2016

Respectfully submitted,

FARNAN LLP

OF COUNSEL:

Cynthia M. Devers, Esq.
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

4