**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

JOAN E. QUINN, Individually and as     :
Personal Representative of the         :
Estate of JAMES ALBERT QUINN,          :
Deceased; JAMES ARNOLD QUINN;          :
ELIZABETH QUINN; STEPHANE              :
PFEILSTICKER; SARAH QUINN; ERIN        :
QUINN                                  :
                                       :
                    Plaintiffs,        :     C.A. No.
                                       :     1:15-cv-01005-RGA
v.                                     :
                                       :
AVCO CORPORATION; LYCOMING             :     JURY TRIAL OF 12
ENGINES, CONTINENTAL MOTORS, INC.;     :     DEMANDED
TELEDYNE CONTINENTAL MOTORS, INC.;     :
BENDIX CORPORATION; ALLIED-SIGNAL,     :
INC.; HONEYWELL INTERNATIONAL,         :
INC.; JOHN DOE 1-50; JOHN DOE 51-      :
100                                    :
                                       :
                    Defendants         :

**DEFENDANTS AVCO CORPORATION AND LYCOMING ENGINES**
**OPENING BRIEF IN SUPPORT OF ITS**
**MOTION TO STAY THE DELAWARE ACTION**

                                   REILLY, JANICZEK, MCDEVITT,
                                       HENRICH & CHOLDEN, P.C.

                                   Brian Tome; DE Bar ID #5300
                                   Delle Donne Corporate Center
OF COUNSEL:                        1013 Centre Road, Suite 210
                                   Wilmington, DE  19805
Daniel A. Haws, Esq.               (302) 777-1700
John Paul J. Gatto, Esq.           BTome@rjm-law.com
HKM, P.A.                          Attorney for Defendants AVCO
30 East Seventh St., Ste 3200      Corporation and Lycoming Engines
St. Paul, MN  55101-4919
(651) 227-9411
dhaws@hkmlawgroup.com
jgatto@hkmlawgroup.com
Dated:  March 31, 2017

**TABLE OF CONTENTS**

INTRODUCTION..................................................1

STATEMENT OF FACTS............................................2

   I.   The Lawsuits .............................................2

      a. Plaintiffs' Action in This Court....................2

      b. Plaintiffs' Action in Wisconsin State Court..........3

      c. Motions to Dismiss in the Wisconsin Matter...........4

      d. Discovery Related to the AVCO Defendants in
         the Wisconsin Matter................................4

      e. Despite  Plaintiffs'  Representations,  the
         AVCO Defendants Have Not Been Dismissed From
         the Wisconsin Action................................5

DISCUSSION...................................................6

   I.   Legal Standard for a Motion to Stay Proceedings ........7

   II.  A Stay of this Action is Appropriate Because
      There are Parallel  Proceedings and Exceptional
      Circumstances .........................................9

      a. Parallel Proceedings.................................9

      b. Exceptional Circumstances are Present................9

CONCLUSION..................................................18

## TABLE OF AUTHORITIES

*Colorado River Conservation Dist. V. United States*,
424 U.S. 800 (1975)........................................7

*Cone Mem. Hosp. v. Mercury Constr. Corp*, 460 U.S. 1
(1983)....................................................8

*Gilbane Bldg. Co. v. Nemours Found.*, 568 F.Supp. 1085
(D. Del. 1983)............................................9

*Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551
F.Supp. 1044 (D. Del. 1982)...............................8

*Harvey & Harvey v. Delaware Solid Waste Authority,* 600
F.Supp. 1369 (D. Del. 1985)...............................8

*Horack v. Minott*, CIV. A. 94-258-SLR, 1995 WL 330730,
at *5 (D. Del. May 26, 1995)..............................7

*Meredith v. City of Winter Haven*, 320 U.S. 228 (1943)..........15

*Nw. Cent. Pipeline Corp. v. Mesa Petroleum Co.,* 576
F.Supp. 1495 (D. Del. 1983)..............................15

*Robinson v. Ruiz*, 772 F.Supp. 212 (D. Del. 1991)..............8

*Sea Colony Inc. v. Alcan Aluminum Corp*., 653 F.Supp.
1323 (D. Del. 1987).......................................7

*Summa Four, Inc. v. AT & T Wireless Services, Inc.*,
994 F.Supp. 575 (D. Del. 1998)...........................16

*Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398 (7th
Cir. 2001)...............................................15

## INTRODUCTION

Defendants AVCO Corporation and Lycoming Engines (collectively "the AVCO Defendants"), request that this action be stayed in favor of a parallel proceeding in Wisconsin state court.

On November 2 and 3, 2015, Plaintiffs brought identical claims based identical facts against the AVCO Defendants in two separate venues: Delaware federal court and Wisconsin state court. For reasons beyond the AVCO Defendants' understanding, but perhaps because the principal Plaintiffs reside in Wisconsin, Plaintiffs chose to pursue the Wisconsin action in favor of the Delaware matter, which has included the service and production of thousands of pages of written discovery (under cover of a protective order entered in Wisconsin), numerous court hearings, and multiple briefs. After more than a year's worth of activity in the Wisconsin matter, and only after a separate defendant – Continental Motors, Inc. – was dismissed from the Wisconsin action, Plaintiffs have now indicated an intention to shift their focus against the AVCO Defendants from the Wisconsin action to this Delaware matter. However, even after stating this intention in pleadings filed in both courts, Plaintiffs have done nothing to seek the dismissal of the AVCO Defendants from the Wisconsin action, but have instead continued with written discovery in that matter.

1

For a litany of reasons, which are detailed below, this Court has previously exercised its inherent authority to stay a proceeding before it when plaintiffs have employed comparable parallel litigation strategies. In order to ensure that Plaintiffs' claims are heard in the most appropriate forum and in order to prevent the AVCO Defendants' prejudicial exposure to duplicative and piecemeal litigation, it is necessary and appropriate for this Court to exercise that inherent authority to stay the proceeding before it here in favor of the Wisconsin matter, at least as it concerns the AVCO Defendants.

<u>**STATEMENT OF FACTS**</u>

**I.    The Lawsuits**

   **a.    Plaintiffs' Action in This Court**

On November 2, 2015, Plaintiffs filed a Complaint in this Court arising from a November 5, 2013 crash of a Piper PA-32R-301 aircraft.[1] Plaintiffs generally allege that the AVCO Defendants are strictly liable for the crash, that the AVCO Defendants were negligent, that the AVCO Defendants breached express and implied warranties to Plaintiffs, and that the AVCO Defendants negligently inflicted emotional distress upon Plaintiffs.[2] Plaintiffs further allege that co-defendants Continental Motors, Inc.; Teledyne Continental Motors, Inc.;

---

[1]   *See generally* Complaint, Doc. No. 1.
[2]   *See id.*

Bendix Corporation; Allied-Signal, Inc.; Honeywell International, Inc.; John Doe 1-50; and John Doe 51-100 were also liable for the injuries Plaintiffs alleged.[3]  Following a lengthy stay of this proceeding, occasioned by jurisdictional motion practice in the Wisconsin action (discussed below), the AVCO Defendants filed an Answer in this Court generally denying Plaintiffs' allegations on March 20, 2017.[4]

### b.   Plaintiffs' Action in Wisconsin State Court

A day after commencing their action in this Court, Plaintiffs *also* filed a Complaint arising from the same incident against the AVCO Defendants (as well as other Defendants) in the Wisconsin Circuit Court for Milwaukee County.[5]  Although the exact motivation behind Plaintiffs' re-filing their Complaint in Wisconsin has not been conveyed to the AVCO Defendants, there are a number of possible reasons.  First, the decedent was a Wisconsin resident and two (2) of the Plaintiffs, Joan Quinn and Erin Quinn, currently reside in Wisconsin.  Second, Plaintiffs allege that the subject aircraft in this litigation was serviced in Wisconsin by Wisconsin Defendants Wisconsin Aviation, Inc. and Wisconsin Aviation Four Lakes, Inc.[6]

Regardless of their rationale, Plaintiffs alleged identical facts and asserted the same four (4) causes of action against

---

[3]  *See id.*
[4]  *See generally* Answer, Doc. No. 45.
[5]  Case No. 15-CV-009007.  *See* Gatto Dec., Ex. 1.
[6]  *See id., Ex. 1.*

the AVCO Defendants as had been alleged in the Delaware action.[7]
The AVCO Defendants filed an Answer in the Wisconsin action on
December 22, 2015, denying each of Plaintiffs' claims.[8]

    **c.   Motions to Dismiss in the Wisconsin Matter**

Defendants Continental and Exxel Avionics swiftly moved to
dismiss the Wisconsin action based on lack of personal
jurisdiction.[9]   The Wisconsin court deferred ruling on the
motions until relevant discovery could be completed.[10]   In light
of the jurisdictional issues raised in the Wisconsin action,
this Court stayed the current litigation pending the resolution
of those issues.[11]

Plaintiffs ultimately stipulated to dismiss Exxel from the
Wisconsin matter and Continental's motion was ultimately granted
on November 15, 2016, after three separate hearings, all of
which were attended by counsel for the AVCO Defendants.[12]

    **d.   Discovery Related to the AVCO Defendants in the
        Wisconsin Matter**

Notwithstanding the pending motions to dismiss, Plaintiffs
actively pursued their claims against the AVCO Defendants in the
Wisconsin matter.   On February 18, 2016, Plaintiffs served a
first set of extensive document requests, and then followed with

---

[7]   *See id.,* Ex. 1; *see also* Complaint, Doc. No. 1.
[8]   *See* Gatto Dec., Ex. 2.
[9]   *See* Gatto Dec., Exs. 3-4.
[10]   *See* Gatto Dec., ¶ 3.
[11]   *See* Order Granting Motion to Stay, Doc. No. 30.
[12]   *See* Gatto Dec., Exs. 5-6, ¶¶ 3-4.

a second set of requests on April 27, 2016.[13]   The parties also conferred on numerous occasions to negotiate the terms of a Protective Order, which was ultimately agreed upon.[14]

After conducting a diligent search, the AVCO Defendants responded to Plaintiffs' document requests.[15]   Consistent with the apparent intention of Plaintiffs to proceed in Wisconsin, the AVCO Defendants also served Plaintiffs with discovery requests.[16]   Plaintiffs recently responded to those discovery requests, producing thousands of pages of documents.[17]

**e. Despite Plaintiffs' Representations, the AVCO Defendants Have Not Been Dismissed From the Wisconsin Action**

After the dismissals of Exxel and Continental from the Wisconsin action, Plaintiffs represented that it was their intention to shift course and pursue the AVCO Defendants (and others) in Delaware.[18]   The AVCO Defendants indicated an unwillingness to stipulate to a dismissal of the Wisconsin action until some payment was made for the fees and costs incurred in defending that action.   Plaintiffs' counsel appeared willing to engage in that discussion and the parties filed a

---

[13] *See* Gatto Dec., Exs. 7-8.
[14] *See* Gatto Dec., Ex. 9.
[15] *See* Gatto Dec., Exs. 10-11.
[16] *See* Gatto Dec., Exs. 12-15.
[17] *See* Gatto Dec., Ex. 16.
[18] *See, e.g.,* Letter of Michael J. Farnan, Doc. No. 39 (indicating that Plaintiffs would move for a default judgment in Delaware if an Answer was not filed).

Stipulation in the Wisconsin court, evincing that intent.[19] However, the AVCO Defendants have yet to be dismissed from the Wisconsin Action, and there is presently no indication of when, or if, that dismissal will come to pass. Indeed, the most recent exchange of discovery occurred *after* this Stipulation was filed.

## **DISCUSSION**

As the parties February 27 Stipulation tacitly acknowledges, it is simply not necessary or just for the same parties to litigate this dispute in multiple venues simultaneously. This Court memorialized a similar acknowledgment in its previous Order staying this proceeding pending the outcome of the jurisdictional challenge in Wisconsin.[20]

This Court has previously determined that where there are parallel proceedings in federal court as well as state court, it is appropriate to stay the federal court action pending the outcome of the parallel state court action under certain circumstances. Consistent with these previous rulings, and because these circumstances exist here, the AVCO Defendants request a stay.

---

[19] *See* Gatto. Dec., Ex. 17.
[20] *See* Order Granting Motion to Stay, Doc. No. 30.

## I.    Legal Standard for a Motion to Stay Proceedings

This Court has inherent authority to control its docket and the discretion to stay a proceeding before it.[21]   "The United States Supreme Court has held that a federal court may stay a proceeding where parallel state court proceedings exist and 'exceptional' circumstances make abstention appropriate."[22]

"Lawsuits are considered parallel if 'substantially the same parties litigate substantially the same issues in different forums.'"[23]

In *Colorado River Conservation Dist. V. United States,* the United States Supreme Court directed federal courts to consider the following factors when determining whether exceptional circumstances exist in a particular case such that granting a stay is warranted: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) the order in which the proceedings were initiated; and (4) the

---

[21] *See, e.g., Sea Colony Inc. v. Alcan Aluminum Corp.*, 653 F.Supp. 1323 at 1326 (D. Del. 1987); *Horack v. Minott*, CIV. A. 94-258-SLR, 1995 WL 330730, at *5 (D. Del. May 26, 1995).

[22] *Horack*, 1995 WL 330730, at *5 (citing *Holland v. Hay*, 840 F.Supp. 1091, 1098-99 (E.D.Va.1994); *Colorado River Conservation Dist. V. United States*, 424 U.S. 800, 818 (1975)).

[23] *Horack*, 1995 WL 330730, at *5 (quoting *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991), *cert. denied*, 112 S.Ct. 1587 (1992)). *See also Sea Colony,* 653 F.Supp. at 1326 ("This does not mean that the proceedings must be identical, but rather substantially similar.")

presence of a *res* or property over which jurisdiction has been asserted.[24]

In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* the Supreme Court further indicated that the following two factors ought to be considered when determining whether exceptional circumstances exist: (5) whether federal law provides the rule of decision on the merits and (6) the adequacy of the state court proceedings to protect a plaintiff's rights.[25] Furthermore, this Court has previously considered three additional factors: (7) the identity of the issues in the two forums; (8) the existence of a federal policy militating either in favor of or against the stay; and (9) the existence of an important countervailing federal interest which federal courts might be more likely than state courts to respect or enforce.[26]

The matter before this Court is parallel to the Wisconsin action, and exceptional circumstances exist justifying a stay – consistent with previous cases addressed by this Court.[27]

---

[24] *See Colorado River,* 424 U.S. at 818-19; *Horack*, 1995 WL 330730, at *6; *Sea Colony,* 653 F.Supp. at 1326; *Harvey & Harvey v. Delaware Solid Waste Authority,* 600 F.Supp. 1369 at 1375 (D. Del. 1985).

[25] *See Cone Mem. Hosp. v. Mercury Constr. Corp,* 460 U.S. 1 at 23, 26 (1983).

[26] *See Horack*, 1995 WL 330730, at *6; *Sea Colony,* 653 F.Supp. at 1326-27.

[27] *Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551 F.Supp. 1044 (D. Del. 1982); *Robinson v. Ruiz*, 772 F.Supp. 212 (D. Del. 1991); *Horack*, 1995 WL 330730.

## II.   A Stay of this Action is Appropriate Because There are Parallel  Proceedings and Exceptional Circumstances

### a.   Parallel Proceedings

For the purposes of the first factor warranting a stay, "[l]awsuits are considered parallel if 'substantially the same parties litigate substantially the same issues in different forums.'"[28]  With respect to the AVCO Defendants, the issues are not only substantially similar, but are identical.   Although some parties have been named as co-Defendants to the AVCO Defendants in the Wisconsin action that have not been named as co-Defendants in this action, concurrent state and federal actions "may involve different parties" and still be deemed parallel proceedings by this Court.[29]  Given the symmetry between the claims in the Wisconsin action and that before this Court, parallelism exists.

### b.   Exceptional Circumstances are Present

Taking each relevant factor into consideration, there are exceptional circumstances that justify staying this action in favor of the Wisconsin action.

---

[28]  *Horack*, 1995 WL 330730, at *5 (citation omitted).

[29]  *Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551 F.Supp. 1044, 1046 (D. Del. 1982) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936)); *see also Gilbane Bldg. Co. v. Nemours Found.,* 568 F.Supp. 1085, 1089 (D. Del. 1983); *Sea Colony,* 653 F.Supp. at 1326 (D. Del. 1987) ("the State and federal proceedings must, of course, be parallel. This does not mean that the proceedings must be identical, but rather substantially similar.") (citation omitted).

9

### 1. The Federal Forum is Less Convenient than the State Forum

"Convenience" may include "ease of access to sources of proof, availability of compulsory process and enforceability of judgments."[30]  The AVCO Defendants do not contend that compulsory process is unavailable in this forum or that this Court's judgments would not be enforceable, but the sources of proof in this litigation are more readily accessible in Wisconsin.  For example, Plaintiffs Joan Quinn and Erin Quinn currently reside in Wisconsin, and two (2) other Plaintiffs, Stephanie Pfeilsticker and Sarah Quinn, reside in neighboring Minnesota. Defendants Wisconsin Aviation, Inc. and Wisconsin Aviation Four Lakes, Inc. are also located in Wisconsin, where Plaintiffs also allege that some of the events that led to the subject crash occurred.  Conversely, no Plaintiff resides in Delaware, nor is it alleged that any act giving rise to Plaintiffs' lawsuits occurred there.  This factor weighs in favor of granting a stay.

### 2. Staying the Federal Action Prevents Piecemeal Litigation

"In *Moses H. Cone*, the Supreme Court indicated that '[b]y far the most important factor' in its decision to uphold the dismissal of the federal proceedings in *Colorado River* was the strong federal policy in favor of avoiding piecemeal

---

[30] *Sea Colony*, 653 F.Supp. at 1327 (citations omitted).

litigation."[31]   This Court has clarified that "[c]onsideration of this factor entails inquiry into the scope of the proceeding and nature of available defenses in the pending State court action."[32]

In *Sea Colony,* this Court added that in evaluating this factor, a Court must "determine whether 'the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.'"[33]

In this case, there is ostensibly no proceeding in which *all* parties in interest can be satisfactorily adjudicated.  For example, Exxel Avionics was dismissed from the Wisconsin action and has not been named before this Court, presumably due to a lack of personal jurisdiction in either venue.  Thus, the parties harbor no expectation of litigating this matter with respect to all Defendants that have been named by Plaintiffs in their various actions. Nonetheless, simply because there may not be *one* venue in which this entire lawsuit may be resolved does not mean it is equitable to the AVCO Defendants to continue to defend Plaintiffs' claims in *two* venues.

---

[31]   *Robinson,* 772 F.Supp. at 215 (citing *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937).

[32]   *Sea Colony,* 653 F.Supp. at 1327 (citing *Gilbane*, 568 F.Supp. at 1090).

[33]   *Id.* at 1327 (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. at 495 (1942); *Colorado River*, 424 U.S. at 818; *Gilbane*, 568 F.Supp. at 1090).

However, if both actions continue apace and Plaintiffs ultimately recover on any of their claims against the AVCO Defendants in the Wisconsin action, then those claims would be moot before this Court. To the extent Plaintiffs' claims are dismissed or Plaintiffs do not otherwise recover, then Plaintiffs would be precluded from pursuing those claims in this Court, or in any other court, by virtue of collateral estoppel. This was precisely the scenario before this Court in *Horack*, where the court ultimately granted the stay sought by the defendants, in part because:

> if plaintiff were to receive the unemployment compensation she seeks from the Board or the Superior Court, her claim in federal court would be moot. If moot, there would be no case or controversy for this court to decide. Additionally, plaintiff would have received the injunctive relief she requested due to the reversal of the decision of the Board, and a declaratory judgment by this court would amount to no more than an advisory opinion which is outside this court's jurisdiction.[34]

Furthermore, a Protective Order is currently in place in the Wisconsin matter, but no such order has been entered in this Court.[35] Should the litigation continue on parallel tracks, the parties will be obligated to undertake redundant efforts to ensure similar protections are available in this matter. Additionally, if one of the parties obtains summary judgment in the Wisconsin matter, it would be incumbent upon that party

---

[34] *Horack,* 1995 WL 330730, at *7 (internal citations omitted).
[35] *See* Gatto Dec., Ex. 9.

ensure that the judgment is also recognized by this Court by engaging in costly and time-consuming motion practice to establish collateral estoppel. Given the fact that the underlying facts and issues are identical in both venues, imposing such procedural hurdles upon the parties would serve no discernable purpose that meaningfully advances their substantive claims or defenses.

Plaintiffs also have failed to act upon their representations that they will dismiss their claims in the Wisconsin action against the AVCO Defendants, thereby subjecting them to the prejudicial uncertainty attendant to piecemeal litigation after more than a years' worth of litigation.

Because the AVCO Defendants are presently subjected to the strain of "piecemeal litigation" that this Court and the Supreme Court have abhorred, the most important factor of the *Colorado River* analysis weighs in favor of granting a stay.

### 3. The Wisconsin State Court has "Priority" Over this Action

As noted, Plaintiffs filed their Complaint in this Court only a day before filing the identical claims against the AVCO Defendants in Wisconsin. The *Guenveur* Court observed that the "lapse of time between the initiation of the two suits was so insignificant—two days—this factor does not weigh heavily in the

balance."[36]   This Court has also previously recognized that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[37]

As it concerns the AVCO Defendants, the "progress" that has been made in this action is essentially non-existent.   Despite the fact that Plaintiffs filed their action in this Court well over a year ago, a scheduling conference is not slated to take place until April 5.   Conversely, in the Wisconsin action, a Scheduling Order was issued on December 9, 2016, which set a pretrial conference for November 30, 2017.[38]   Moreover, the parties have exchanged considerable discovery in the Wisconsin action, whereas no discovery has been exchanged in the matter pending in this Court.[39]   Plaintiffs' efforts to establish *pro forma* "priority" in this Court by filing their Complaint a day before the Wisconsin matter must not be availing, as "[t]his factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."[40]   Simply put, the realities of this case are that Plaintiffs have in fact pursued it in Wisconsin, but not here, thus favoring a stay.

---

[36] *Guenveur*, 551 F.Supp. at 1047.
[37] *Horack*, 1995 WL 330730, at *7 (citing *Moses H. Cone*, 460 U.S. at 21).
[38] *See* Gatto Dec., Ex. 18.
[39] *See, e.g.,* Gatto Dec., Exs. 7-8, 10-16.
[40] *Moses H. Cone*, 460 U.S. at 21.

14

### 4. The Presence of a Res or Property Over Which Jurisdiction Has Been Asserted

Neither this Court nor the Wisconsin state court have asserted jurisdiction over property; thus this factor is irrelevant to the inquiry.

### 5. State Law, Rather than Federal Law, Provides the Rule of Decision on the Merits

Each of Plaintiffs' claims against the AVCO Defendants – strict liability, negligence, breach of warranty, and negligent infliction of emotional distress – are state law claims. The Supreme Court has opined that it is a federal court's "duty" to stay a parallel action before it "where the state questions can be conveniently and authoritatively answered, at least where the parties to the federal court action are not strangers to the state action."[41]   Here, the Wisconsin court is clearly in a position to answer state law questions of product liability, warranty, and negligence, and to the extent any defenses grounded in federal law arise, the Wisconsin court may resolve those as well.[42]   Because the Wisconsin court may resolve

---

[41] *Meredith v. City of Winter Haven*, 320 U.S. 228, 236, 64 S. Ct. 7, 12 (1943) (citing *City of Chicago v. Fieldcrest Dairies*, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355).

[42] *See, e.g., Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (concluding that "the fact that a federal statute creates a defense to a state law claim does not necessarily mean that 'Congress has, by statute, taken the subject away from state tribunals and given it to federal courts.'") (citing *Ceres Terminals, Inc. v. Indus. Comm'n of Illinois*, 53 F.3d 183, 186 (7th Cir. 1995)); *see also Nw. Cent. Pipeline Corp. v. Mesa Petroleum Co.,* 576 F.Supp. 1495, 1500 (D. Del. 1983) ("Although the application of [federal law] to this contract probably will arise in defense to plaintiff's state law contract claims, that eventuality does not convert those contract claims into federal claims.").

Plaintiffs' claims and because the parties are certainly not strangers to that action, this factor weighs in favor of granting a stay.

### 6. The Wisconsin State Court Proceeding Would Adequately Protect Plaintiffs' Rights

There is no credible reason to conclude that the Milwaukee County Circuit Court, which has capably presided over Plaintiffs' state court action for roughly sixteen months, cannot continue to do so.  Further, as this Court has previously reasoned, if a state court judgment would obviate the need for relief from a federal court, then the state court "is therefore able to vindicate plaintiff's rights on the issues pending before it."[43]  This factor is also probative of granting a stay.

### 7. There Exists an Identity of Issues in Both Actions Between Plaintiffs and the AVCO Defendants

It is self-evident that there is no appreciable difference between the facts and causes of action asserted against the AVCO Defendants in each of the pending actions, thus this factor also favors a stay.[44]

### 8. Federal Policies Militate in Favor of a Stay

There are two overriding federal policies militating in favor of granting a stay: judicial economy and comity between

---

[43] *Summa Four, Inc. v. AT & T Wireless Services, Inc.*, 994 F.Supp. 575, 583 (D. Del. 1998).

[44] *See Sea Colony,* 653 F.Supp. at 1325 (granting a stay where the "denial of the stay will lead to multiple litigation concerning identical issues with the concomitant potential for varying results.").

federal and state courts.   Both of these policies, which are applicable in this instance, were embraced by the *Sea Colony* Court in granting a stay:

> First, judicial economy dictates that if all of the issues before this Court are also before the Superior Court, separate trials will result in the inefficient expenditure of valuable judicial resources. To do so merely because the instant action was first filed in federal court elevates form over substance in adhering to the proposition that federal courts have an "unflagging obligation" to exercise jurisdiction.
>
> Second, a stay will promote comity between federal and state courts by removing the potential for differing results in the two actions. *See, e.g., Guenveur*, 551 F.Supp. at 1047. Indeed, while differing results are not necessarily likely, the procedural posture of the case indicates that differing results could engender difficult problems in reaching an ultimate disposition of the issues involved in the litigation.[45]

Additionally, in *Guenveur,* the Court recognized that "a stay may avoid the problems inherent in unnecessarily deciding questions of state law[.]"[46]   Because Plaintiffs' causes of action against the AVCO Defendants each sound in state law, this policy would be advanced by staying the proceeding before this Court.

### 9.   There is No Countervailing Federal Interest Which Federal Courts Are More Likely to Respect

Finally, as the *Guenveur* Court reasoned when evaluating whether a countervailing federal interest existed, in a diversity action, there was no interest "which federal courts

---

[45] *Sea Colony*, 653 F.Supp. at 1329 (citation in original).
[46] *Guenveur,* 551 F.Supp. at 1047.

might be more likely than state courts to respect or enforce."[47] In *Guenveur,* this Court eventually concluded that "[s]ince the existence of this factor would militate against granting a stay, its absence once again tips the balance in favor of defendant's motion."[48]   Unless and until Plaintiffs identify a plausible countervailing interest that a federal court may have in presiding over this case, the ninth and final factor of the exceptional circumstances analysis also favors granting the AVCO Defendants' Motion.

## CONCLUSION

For the reasons identified herein, the AVCO Defendants have demonstrated Plaintiffs' actions currently pending against them in this Court and in Wisconsin state court are "parallel," and the AVCO Defendants have also demonstrated the pendency of those claims presents this Court with "exceptional circumstances" justifying a stay.   This Court should therefore exercise its inherent authority to control its docket by granting the AVCO Defendants' Motion to Stay Plaintiffs' action in favor of the parallel Wisconsin state court dispute.

The AVCO Defendants' Motion should also be granted in the interests of judicial economy and of fundamental fairness.   The

---

[47]  *Id.* at 1048.
[48]  *Id. See also Sea Colony*, 653 F.Supp. at 1329 (noting "[t]here is no federal interest present which a federal court is more likely to respect or enforce than the State court. The absence of this factor counsels in favor of granting the stay.").

AVCO Defendants have expended – and will continue to expend – considerable resources as this matter proceeds.  Although the AVCO Defendants fully acknowledge that devoting substantial costs to the fulsome defense of this matter is unavoidable, the AVCO Defendants do not believe it is just to enable Plaintiffs to effectively impose additional and unnecessary costs upon them by replicating their claims in another venue.  For those additional reasons, the AVCO Defendants maintain that this Court should exercise its inherent authority to stay Plaintiffs' action.

*[SIGNATURE BLOCK FOLLOWS]*

Respectfully Submitted,

REILLY, JANICZEK, MCDEVITT,
    HENRICH & CHOLDEN, P.C.


*/s/ Brian D. Tome*
Brian Tome; DE Bar ID #5300
Delle Donne Corporate Center
1013 Centre Road, Suite 210
Wilmington, DE  19805
(302) 777-1700
BTome@rjm-law.com
Attorney for Defendants AVCO
Corporation and Lycoming Engines

OF COUNSEL:

Daniel A. Haws, Esq.
John Paul J. Gatto, Esq.
HKM, P.A.
30 East Seventh St., Ste 3200
St. Paul, MN  55101-4919
(651) 227-9411
dhaws@hkmlawgroup.com
jgatto@hkmlawgroup.com

Dated:  April 3, 2017