IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased; JAMES ARNOLD QUINN; ELIZABETH QUINN; STEPHANE PHEILSTICKER; SARAH QUINN and ERIN QUINN,<br><br>Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, LYCOMING ENGINES, CONTINENTAL MOTORS, INC., TELEDYNE CONTINENTAL MOTORS, INC., BENDIX CORPORATION, ALLIED-SIGNAL, INC., HONEYWELL INTERNATIONAL, INC., JOHN DOE 1-50, and JOHN DOE 51-100,<br><br>Defendants. | Civil Action No. 1:15-cv-01005-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendant Honeywell International Inc.'s Motion to Intervene Pursuant to Court Order. (D.I. 139). Honeywell and Defendant Continental Motors, Inc. ("Continental") have briefed the issues. (D.I. 139, 148, 156). For the reasons set out below, Honeywell's motion to intervene is **GRANTED** and its request that I deny Continental's request for production of Honeywell's settlement agreement with Plaintiffs is **DENIED**.

Plaintiffs filed this lawsuit on November 2, 2015 following the November 5, 2013 crash of a Piper PA-32R-301 aircraft which killed the pilot and a flight instructor. (D.I. 148 at ¶¶ 1-2). The complaint contains claims against Defendant Honeywell, manufacturer of the airplane's autopilot system; Defendants AVCO Corp. and Lycoming Engines, manufacturers of the

airplane's engine; and Continental, manufacturer of the engine's single drive dual magneto. (*Id.* at ¶ 2). Plaintiff settled its claims against Honeywell in April of 2018. (D.I. 139 at ¶ 2). Defendant Continental requested that Plaintiffs produce copies of its settlement agreements on May 31, 2018 and July 27, 2018. (*Id.* at ¶6). On August 14, 2018, I entered an order requiring Plaintiffs to produce settlement agreements related to the airplane crash unless the settling parties intervened within two weeks. (D.I. 134). Honeywell filed the present motion to intervene on August 24, 2018. (D.I. 139). Honeywell's motion addresses both the procedural standard for a motion to intervene and the substantive issue of discoverability of Honeywell's settlement agreement ("Agreement") with Plaintiffs. (*Id.*). Defendant Continental argues only the substantive issue. (D.I. 148 at 3). Because Honeywell's request to intervene is uncontested, I will grant its motion and consider its objection to disclosure of the Agreement.

"Courts within the Third Circuit have placed a heightened burden upon a party seeking discovery of a confidential settlement agreement. Specifically, courts have required the moving party to make a 'particularized showing' that the evidence is likely to lead to the discovery of admissible evidence." *Burlington v. News Corp.*, 2015 WL 2070063, at *3 (E.D. Pa. May 4, 2015) (collecting cases). Defendant Continental argues that it can make such a "particularized showing" for the Agreement. (D.I. 148 at ¶ 10). Specifically, it argues the Agreement is "potentially relevant to the bias, prejudice, and credibility of potential witnesses" and to its liability in this case. (*Id.*). Continental does not address which specific witnesses the Agreement might reveal as biased. Honeywell notes that Continental has not subpoenaed any Honeywell witness or explained how the Agreement could show bias. (D.I. 156 at ¶ 11 and n. 1). On this point, I agree with Honeywell. Continental has not made a "particularized showing" that the Agreement would "likely lead to the discovery of admissible evidence" of witness bias,

2

prejudice, or credibility. Vague generalizations that there is some potential that the Agreement would lead to evidence impugning an undisclosed witness are simply insufficient.

Defendant Continental's argument regarding information related to its liability is more persuasive. Continental notes, and Honeywell does not dispute, that the applicable law in this case may be that of Wisconsin, Delaware, or Alabama. (D.I. ¶¶ 18, 19). Depending on which law is applied, Defendant may be entitled to a set-off or to inform the jury of the Agreement. *See Morris v. Laster*, 821 So. 2d 923, 931 (Ala. 2001) ("[T]he defendant must be allowed the election of either informing the jury of the settlement or choosing a postjudgment set-off performed by the trial court."); *Med. Ctr. of Delaware, Inc. v. Mullins*, 637 A.2d 6, 7-9 (Del. 1994) (discussing the right to set-off under Delaware law and recognizing an admission in a release may trigger the right); *Brandner v. Allstate Ins. Co.*, 512 N.W.2d 753 (Wis. 1994) (discussing the impact of releases on set-offs and non-settling defendant's rights under Wisconsin law). Because the Agreement itself may be admissible evidence, Continental has met its burden of making a particularized showing that the disclosure is likely to lead to discovery of admissible evidence. Moreover, the potential harm to Honeywell from the disclosure of its agreement to Defendant Contintental's counsel is substantially diminished by the Parties' protective order.

Thus, I **GRANT** Honeywell's motion to intervene (D.I. 139) and I **DENY** its request that I deny Continental's request for production of the Agreement. Plaintiffs should produce the Agreement, subject to the protective order, within one week of this order.

IT IS SO ORDERED this 25 day of October 2018.

                                                  *Richard G. Andrews*
                                                  United States District Judge