IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOAN E. QUINN, Individually and as
Personal Representative of the Estate of
JAMES ALBERT QUINN, Deceased;
JAMES ARNOLD QUINN; ELIZABETH
QUINN; STEPHANE PHEILSTICKER;
SARAH QUINN and ERIN QUINN,

Plaintiffs,

v.

AVCO CORPORATION, LYCOMING
ENGINES, CONTINENTAL MOTORS,
INC., TELEDYNE CONTINENTAL
MOTORS, INC.; BENDIX
CORPORATION, ALLIED-SIGNAL, INC.,
HONEYWELL INTERNATIONAL, INC.,
JOHN DOE 1-50, and JOHN DOE 51-100,

Defendants.

Civil Action No. 1:15-cv-01005-RGA

**MEMORANDUM ORDER**

Presently before me is Defendant Honeywell International Inc.'s Motion to Reconsider Memorandum Order (D.I. 171). (D.I. 174). Honeywell and Defendant Continental Motors, Inc. ("Continental") have briefed the issues. (D.I. 174, 181). For the reasons set out below, Honeywell's motion is **DENIED**.

Plaintiffs filed this lawsuit on November 2, 2015 following the November 5, 2013 crash of a Piper PA-32R-301 aircraft which killed the pilot and a flight instructor. (D.I. 148 at ¶¶ 1-2). The complaint contains claims against Defendant Honeywell, manufacturer of the airplane's autopilot system; Defendants AVCO Corp. and Lycoming Engines, manufacturers of the airplane's engine; and Continental, manufacturer of the engine's single drive dual magneto. (*Id.*

at ¶ 2). Plaintiffs settled their claims against Honeywell in April of 2018. (D.I. 139 at ¶ 2). Defendant Continental requested that Plaintiffs produce copies of their settlement agreements on May 31, 2018 and July 27, 2018. (*Id.* at ¶6). On August 14, 2018, I entered an order requiring Plaintiffs to produce settlement agreements related to the airplane crash unless the settling parties intervened within two weeks. (D.I. 134). Honeywell filed a motion to intervene on August 24, 2018. (D.I. 139). On October 25, 2018, I entered an order granting Honeywell's motion to intervene, but denying its request that I deny Defendant Continental's request for production of Honeywell's Confidential Settlement Agreement and Mutual Release ("Agreement"). (D.I. 171). The present motion requests that I reconsider my decision to require Plaintiffs to produce the Agreement prior to trial. (D.I. 174). Alternatively, it requests that I instruct Plaintiffs to produce a redacted version of the Agreement. (*Id.*).

The purpose of a motion for reargument or reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). [M]otions for reconsideration 'should not be used to rehash arguments already briefed.'" *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998)). To succeed on a motion for reconsideration, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677.

Honeywell makes the same arguments it made in its original motion and has not identified a clear error of law or fact. Specifically, Honeywell argues that production of the Agreement is premature. (D.I. 174 at 4). It made this argument previously. (D.I. 139 at ¶ 35-

2

37). Honeywell also argues that I should allow it to produce a redacted version of the Agreement. (D.I. 174 at 5). It also made this argument previously. (D.I. 156 at 5-6). I did not misapprehend Honeywell's arguments in the first instance. I simply found them unpersuasive. Defendant Continental made a particularized showing that the Agreement is likely to lead to admissible evidence. The particularized showing standard does not impose an additional requirement that production be timed to coordinate with the precise moment a party might use a settlement agreement. Moreover, I continue to believe that the Parties' protective order sufficiently protects Honeywell's unique interests in non-disclosure.

Thus, I **DENY** Defendant Honeywell International Inc.'s Motion to Reconsider Memorandum Order (D.I. 174). Plaintiffs should produce the Agreement, subject to the protective order, within one week of this order.

IT IS SO ORDERED this 2⁶ day of November 2018.

*Richard G. Andrews*
United States District Judge