# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased, et al.<br><br>       Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, LYCOMING ENGINES, CONTINENTAL MOTORS, INC., TELEDYNE CONTINENTAL MOTORS, INC., BENDIX CORPORATION, ALLIED-SIGNAL, INC., HONEYWELL INTERNATIONAL, INC., JOHN DOE 1-50, JOHN DOE 51-100<br><br>       Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 15-cv-1005-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR IN OPPOSITION TO CONTINENTAL MOTORS, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

THE WOLK LAW FIRM

Cynthia M. Devers *(Pro Hac Vice)*
1710-12 Locust Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 545-4220
Facsimile:    (215) 545-5252
cdevers@airlaw.com

FARNAN LLP

Joseph J. Farnan, Jr. (Bar No. 100245)
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:  (302) 777-0300
Facsimile:    (302) 777-0301
farnan@farnanlaw.com
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Plaintiffs

Dated: February 10, 2020

Plaintiffs, by and through their undersigned counsel, hereby file this supplemental brief concerning the Rolling Provision of the General Aviation Revitalization Act ("GARA") pursuant to this Court's Order dated January 31, 2020 (D.I. 265) requesting the parties to clarify their positions on four separate points, which are addressed in detail below.

The party moving for the affirmative defense of GARA, Continental here, bears the burden of establishing that the Statute applies with respect to claims brought against Continental in its capacity as a manufacturer, as opposed to the rebuilder/seller of the accident engine's magneto and components thereof during the 2002 factory rebuild. During this rebuild, Continental supplied the housing, rotor assembly, and other parts that remained in the accident magneto and are alleged to have caused this accident.

> The relevant language of GARA statute for the purposes of the Rolling Provision provides:
>
> (a) IN GENERAL.- Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, **in its capacity as a manufacturer** if the accident occurred-
>
>> (1) after the applicable limitation period beginning on-
>>> (A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or
>>> (B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or
>>
>> **(2) with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition.**

49 U.S.C. § 40101, note. (Emphasis added).

Plaintiffs' complaint against Continental concerns Plaintiffs' claims against Continental as designer, manufacturer, holder of the PMA with continuous airworthiness obligations, maintainer, seller, rebuilder, and/or overhauler.  Thus, while many of Plaintiffs' claims against Continental concern their role as the manufacturer, they also assert claims in the capacity of the seller and rebuilder of the parts that caused the accident.

1. **Which party has the burden of showing whether the magneto on the accident aircraft was a "new component, system, subassembly, or other part" within the meaning of GARA § 2(a)(2)?**

Defendant, Continental Motors bears this burden.

The "burden of informing the district court of the basis for its argument that there is no genuine issue of material fact by 'identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, the Third Circuit has recognized that the party asserting an affirmative defense, which GARA is, bears the burden of proving its defense:

> Another general rule of statutory construction, "that where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue," also indicates the burden rests with the debt collector. *Dixon v. United States,* 548 U.S. 1, 9, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (internal quotation marks omitted); *accord Nat'l Commc'ns Ass'n Inc. v. AT & T Corp.,* 238 F.3d 124, 130 (2d Cir.2001) (noting that "all else being equal, the burden is better placed on the party with easier access to relevant information"). This "ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary." *Schaffer,* 546 U.S. at 60, 126 S.Ct. 528 (quoting *United States v. N.Y., N.H. & H.R. Co.,* 355 U.S. 253, 256 n. 5, 78 S.Ct. 212, 2 L.Ed.2d 247 (1957)); *see also Gomez v. Toledo,* 446 U.S. 635, 640–41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (holding that qualified immunity is an affirmative defense to a § 1983 action in part because the facts that might support the defense are in the possession of the official asserting it).

*Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 365 (3d Cir. 2015).  Since Continental has fallen grossly short of meeting the initial burden, the burden has not shifted

to Plaintiffs.  *See Murphy v. United Fin. Cas. Co.*, No. CV 15-4199, 2016 WL 1555926, at *1 (E.D. Pa. Apr. 18, 2016).

Similarly, the burden lies with the defendant to establish the application of the GARA defense. The Rolling Provision under §2(a)(2) is a separate repose period concerning replacement parts, and applies from the date of the installation of a replacement or component part or system.  Claims falling within GARA's Rolling Provision may proceed to trial on a claim caused by that part. *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155, 1157 (9th Cir. 2000) (addressing limitation period for replacement flight manual under GARA's Rolling Provision); *Flores v. RAM Aircraft Corp.*, No. 96-1507, 2000 WL 34017118 (S.D. Fla. Aug. 31, 2000)(holding "the limitations clock was restarted for the component seal upon its installation during the Ram overhaul."); *Carson v. Heli-Tech, Inc.*, No. 2:01-cv-643-FtM-29SPC (M.D. Fla. Sept. 25, 2003)(new component installed pursuant to a service bulletin triggered GARA's Rolling Provision);  *Sheesley v. The Cessna Aircraft Co.*, No. CIV. 02-4185-KES, 2006 WL 1084103, at *8 (D.S.D. Apr. 20, 2006) (replacement of exhaust component during overhaul triggered Rolling Provision).

Courts have treated the Rolling Provision as a completely separate limitations period under which a defendant has the burden of proof. *Glover v. American Resource Corp.*, No. 163672, 1996 WL 33484136, *3 (Cal. App. Sept. 13, 1996).  In *Glover*, the California Court of Appeals recognized this feature of GARA without any question from the defendant and ruled:

> The reason I conclude that General Electric did not meet its burden here, as opposed to determining as in Hinds whether plaintiffs succeeded in raising a triable issue regarding defective replacement parts, is that the present statute specifically addresses the issue of defective replacement parts. Thus, General Electric needed to show that the defective replacement provision did not apply in order to meet its burden of showing the action is barred by the Act.

*Id.* at *3.

3

Since it is a separate exception, the moving defendant bears the burden of proving that a particular claim falls outside of the limitation period for the Rolling Provision and the absence of genuine issues of fact.

**2.     What makes a part "new" under GARA § 2(a)(2)?  Must it be newly designed, new to that aircraft, unused, or something else?**

A part is "new" under GARA § 2(a)(2) if it is installed in an aircraft less than 18 years after the period of first installation in an aircraft.  More specifically, with respect to claims brought against a replacement part manufacturer in its capacity as a manufacturer, the repose period is linked to the delivery date to the first purchaser.  *LeBlanc v. Panther Helicopters, Inc.*, No. 14-1617, 2016 WL 1161274, at *1 (E.D. La. Mar. 23, 2016).  To constitute a "new" part under GARA § 2(a)(2), there is no requirement that the part be newly designed.  *See Hiser v. Bell Helicopter Textron Inc.*, 4 Cal.Rptr.3d 249, 111 Cal.App.4th 640 (2003).

The case *Crouch v. Teledyne Continental Motors, Inc.* is instructive here.  833 F. Supp. 2d 1331, 1336 (S.D. Ala. 2011). *Crouch* is a case involving another single drive dual magneto against Continental.  In that case, the allegation was that the flange failed, the magneto lost proper timing, and the engine failed.  Continental filed a motion for summary judgment under GARA because it alleged that Plaintiffs' claims of defective design of the magneto housing flange was not subject to the "Rolling Provision," even though it was replaced within 18 years.  The Court denied Continental's motion and noted: "The 'rolling' provision clearly provides that the period for bringing a cause of action restarts each time a 'new' part replaces an old part and the 'new' part, *i.e.* the flange, is alleged to be the problem. The 'rolling' provision does not require that the part be newly designed, rather it only requires it to be a new part." *Id.*

Similarly, in *Sheesley v. The Cessna Aircraft Co.,* the court rejected the aircraft manufacturer Cessna's argument that the Rolling Provision did not apply to design defect claims. No. CIV. 02-4185-KES, 2006 WL 1084103 (D.S.D. Apr. 20, 2006). The *Sheesley* court stated:

> the plain language of GARA's rolling provision permits plaintiffs to assert a claim against the manufacturer of a replacement part so long as the crash occurs within 18 years of the replacement of the part. *See* GARA, 2(a). If Congress wanted to further limit application of GARA's rolling provision to certain substantive theories, such as defective design cases, it would have added language to that effect. Indeed, in a different part of the statute, Congress expressly limited application of GARA to certain substantive theories of liability by **limiting application to claims asserted against manufacturers acting in their manufacturing capacity**. *See* GARA, § 2(a). This suggests that Congress recognized its ability and chose, when appropriate, to distinguish between substantive theories. Congress did not, however, limit claims for defective design. And, this court refuses to judicially amend GARA to impose the substantive design change requirement sought by Cessna.

*Id.* (Emphasis added).

In *Flores v. RAM Aircraft Corp.*, the Teledyne seal that was alleged to cause the accident was replaced just 16 months prior to the accident. No. 96-1507-Civ-Moore/BR, 2000 WL 34017118, at *7) (S.D. Fla. Aug. 31, 2000). The court determined that under the plain language of the Statute, the Rolling Provision was triggered and each time a new part is installed on an aircraft "the statutory time period begins again for that component part, subjecting the parts manufacturer to liability in the event of an accident." *Id.*

Like *Crouch*, *Sheesley*, and *Flores*, the claims at issue here are subject to the Rolling Provision, and GARA does not bar Plaintiffs' claims against Continental. The accident magneto was (a) re-sold by Continental as rebuilt, and (b) contained replacement parts that had not been in service in the past, which were causally related to this accident. The use of a replacement part, not previously in service certainly constitutes a 'new' component. The re-sale of the magneto as

5

rebuilt by Continental in its capacity of a manufacturer and similarly re-starts the repose period under the rolling provision.

3.   **If a used part can re-start the period of repose under GARA § 2(a)(2), when does the new period begin?**

The new repose period begins on the date of first installation. *Snider v. Sterling Airways, Inc.*, No. 13-CV-2949, 2016 WL 9774504, at *1 (E.D. Pa. Aug. 24, 2016) (finding genuine issue of fact concerning the application of GARA's Rolling Provision considering the 2004 overhaul of the accident engine performed in accordance with Continental service instructions, in which Continental and after-market parts were used). "[W]ith respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, ... beginning on the date of completion of the replacement or addition." *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 341 (6th Cir. 2013) (citing 49 U.S.C. § 40101 Notes, § 2(a)(2)).

4.   **What does the record indicate about the history of the magneto that was on the accident aircraft? Was it a "rebuilt" magneto produced by Continental in 2002, and if so, what does that mean?**

There is no dispute that Continental rebuilt the accident magneto in 2002. (D.I. 222, Continental Br. at 5; D.I. 223 at 94, Kelly Dep. At 139:5-140:20). It is also undisputed that during the 2004 field overhaul by Kelly Aerospace in accordance with the Continental Service Support Manual, the rotating magnet and housing (which contain the pole shoes) were reused from the Continental rebuild, meaning that they were sold by Continental. (*Id.*) (See D.I. 222-1 at 35, Kelly Form 8130; D.I. 223 at 96, Kelly Dep. at 148:2-151-4). This magneto, serial number SN #EO50845, was overhauled pursuant to Continental's service instructions and installed on the accident engine. (See D.I. 233-2, Ex. B, Logbook Entry).

Since Continental overhauled the magneto and sold the part accompanying the engine, it is subject to liability in the capacity as a service provider/seller, in addition to its capacity as a manufacturer. *S. Side Tr. & Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd.*, 401 Ill. App. 3d 424, 435, 927 N.E.2d 179, 190 (2010). Because Continental has provided no evidence to establish that it complied with its duties, independent from its duties as a manufacturer, summary judgment cannot be granted. ("Defendant presented no evidence showing it had no duty as a seller or that it complied with its duty as a seller. Defendant did not support its motion for summary judgment with evidentiary facts and plaintiff may, therefore, rely on its complaint to establish a genuine issue of fact." *S. Side Tr. & Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd.*, 401 Ill. App. 3d 424, 435, 927 N.E.2d 179, 190 (2010)).

Due to Continental's negligence, including its negligence with respect to the 2002 rebuild of the magneto, GARA does not bar Plaintiffs' claims.

| | |
|---|---|
| Dated: February 10, 2020 | Respectfully submitted, |
| | **FARNAN LLP** |
| | /s/ Michael J. Farnan |
| | Joseph J. Farnan, Jr. (#100245) |
| | Joseph J. Farnan, III (#3945) |
| | Brian E. Farnan (#4089) |
| | Michael J. Farnan (#5165) |
| | 919 N. Market St., 12th Floor |
| | Wilmington, DE 19801 |
| | (302) 777-0300 |
| | |
| | Cynthia M. Devers (admitted *pro hac vice*) |
| | THE WOLK LAW FIRM |
| | 1710-12 Locust Street |
| | Philadelphia, PA 19103 |
| | |
| | *Attorneys for Plaintiffs* |