IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, et al.,<br><br>Defendants. | Civil Action No.: 1:15-cv-001005-RGA |

### DEFENDANT CONTINENTAL MOTORS, INC.'S ANSWER TO PLAINTIFFS' MOTION FOR REARGUMENT OF DEFENDANT CONTINENTAL MOTORS, INC.'S MOTION FOR SUMMARY JUDGMENT

Comes now Defendant Continental Motors, Inc. ("Continental") and answers Plaintiffs' motion for reargument of Continental's motion for summary judgment as follows:

### INTRODUCTION

Plaintiffs' motion for reargument is due to be denied because Plaintiffs are rehashing material and theories that have already been briefed and decided. Moreover, the General Aviation Revitalization Act of 1994 ("GARA") bars all of Plaintiffs' State law claims against Continental because the 18-year period has run and Plaintiffs failed to present any evidence to invoke GARA's "rolling provision." Continental is also entitled to GARA's protections because it was acting within its exclusive capacity as a manufacturer when it allegedly rebuilt the Magneto in 2002. Finally, Plaintiffs should be prohibited from reframing their claims in an effort to avoid GARA's statute of limitations. For these reasons, Continental respectfully requests that this Court deny Plaintiffs' motion for reargument.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In its motion for summary judgment, Continental argued (among other things) that all of Plaintiffs' claims were barred by GARA's 18-year statute of repose because (1) the Accident involved a general aviation aircraft (*see* D.I. 222 at PageID # 3173-74); (2) Plaintiffs sued Continental in its capacity as the alleged manufacturer of the Magneto (*see id.* at PageID # 3174); and (3) the Accident occurred more than 33 years after the Aircraft was delivered to its first purchaser (*see id.*). Continental also argued that GARA's "rolling provision" did not apply in this case because Plaintiffs could not establish that the Magneto (or any of its components) was a new part. (*See id.* at PageID # 3174-76.) In their response to Continental's motion for summary judgment, Plaintiffs did not dispute that GARA's 18-year statute of repose applied and, in fact, argued that Continental was subject to certain duties and responsibilities of an aviation manufacturer. (*See* D.I. 232 at PageID # 4163-72.) Instead, Plaintiffs relied on GARA's "rolling provision[1]" and stated, without supporting evidence, that "the dual magneto underwent overhauls and maintenance inspections, and the parts that have been replaced pursuant to Continental's instruction were less than 18 years old at the time of the accident." (*See id.* at PageID # 4168.)

During oral argument on Continental's motion for summary judgment, Plaintiffs stated that they were asserting claims against Continental as the seller of a rebuilt magneto. (*See* Transcript of October 22, 2019 Hearing, 12:6-22, attached hereto as Exhibit A.) When given the opportunity to respond to certain questions posed by the Court via a supplemental brief, Plaintiffs claimed that GARA does not apply to their purported claims against Continental as the rebuilder of the Magneto. (*See* D.I. 266 at PageID # 5307, 5312.) In response to these

---

[1] Plaintiffs also relied upon GARA's "fraud exception." (*See* D.I. 232 at PageID # 4168-72.) Because Plaintiffs' motion for reargument does not address the "fraud exception," Continental will only cite facts relevant to GARA's "rolling provision."

arguments, Continental asserted that any claims related to the purported rebuild of the Magneto were claims against Continental in its capacity as a manufacturer because, pursuant to 14 C.F.R. § 43.3(j), only a manufacturer can perform a rebuild. (*See* D.I. 267 at PageID # 5323 n.1.)

With this record before it, the Court determined that GARA's "statute of repose for the aircraft as a whole has run." (*See* D.I. 268 at PageID # 5333.) The Court also determined that Plaintiffs' failed to present any evidence that any of the parts of the Magneto at issue were new or that the Magneto as a whole was new. (*See id.* at PageID # 5339.) As part of its analysis, the Court specifically addressed the issue raised by Plaintiffs at oral argument, in their supplemental brief, and in their motion for reargument, and stated:

> As a threshold matter, Continental can only seek refuge behind GARA if it is the "manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft." GARA § 2(a). If, for example, a negligent repair of a part causes a crash, the victims can sue the repair company because the repair company is not a "manufacturer" of the aircraft or any part of the aircraft. *Robinson*, 326 F. Supp. 2d at 663. Plaintiffs appear to concede that Continental qualifies as a manufacturer under GARA. (*See* D.I. 232 at 11-13; D.I. 266 at 2). Federal regulations support this conclusion because it appears only a "manufacturer" can "rebuild" an aircraft part. 14 C.F.R. § 43.3(j). Thus, I conclude Continental is a "manufacturer."

(*See* D.I. 268 at PageID # 5336-37.)

In their motion for reargument, Plaintiffs contend that their purported claims against Continental related to the rebuild of the Magneto should not be barred by GARA. Plaintiffs' attempts to reframe their claims to avoid GARA's bar, however, are contradicted by their discovery responses; their expert reports and declarations; and Plaintiffs' counsel's statements during the October 22, 2019 hearing. For example, Plaintiffs' supplemental interrogatory answers do not disclose any purported omission or error by Continental during the rebuild of the Magneto (*see* D.I. 223 at PageID # 3638-43) and do not state that Continental violated the Federal Aviation Regulations related to conducting a rebuild (*see id.* at PageID # 3659-64).

3

Moreover, Plaintiffs' expert reports and declarations submitted in response to Continental's motion for summary judgment do not offer any opinions regarding any negligence that occurred during the alleged rebuild of the Magneto in 2002 and, instead, focus exclusively on design defects. (*See* D.I. 229 at Page ID # 3736, ¶ 30, 31; D.I. 229-2 at PageID # 3747; D.I. 230 at PageID # 3754-55, 3761-64, ¶ 8, 35, 41, 45; D.I. 230-2 at PageID # 3782; D.I. 231 at PageID # 3881, ¶ 9; D.I. 231-2 at PageID # 3902.) During the October 22, 2019 hearing, Plaintiffs' counsel also stated:

> THE COURT: And does one of your experts opine that there was something wrong about the way it was rebuilt in 2002?
>
> MS. DEVERS: **Not in the particular way it was rebuilt. The criticism is that they sold a defective part in 2002.**
>
> . . .
>
> THE COURT: Okay. And if I wanted to find where it is in the expert reports that there's any discussion about Continental's role in it, basically it would be Mr. Seader who opines that this lack of clearance coupled with impulse coupling was a defective design?
>
> MS. DEVERS: Yes, Mr. Seader's. It's throughout his deposition, but it's also on Page 11 of his expert report which is - -
>
> THE COURT: Okay.
>
> MS. DEVERS: - - attached to his declaration. **And he doesn't specifically say anything about the 2004 events, just he does talk about the defective design.**
>
> THE COURT: **When you "say the 2004," you're talking about 2002; right?**
>
> MS. DEVERS: **2002. He opines that the design defect and lack of continuing airworthiness is at issue.**
>
> THE COURT: Okay.
>
> MS. DEVERS: **Now, the 2002 overhaul rebuild by Continental is not really - - it's not in dispute.**

4

(*See* Ex. A, 14:7-11, 22:23-23:16) (emphasis added).

## ARGUMENT

**I.  Plaintiffs' motion for reargument does nothing more than rehash material and theories already briefed and decided.**

This Court has previously stated that "[m]otions for reconsideration, as a general rule, are granted sparingly and only in limited circumstances." *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) (footnote omitted).[2]  Moreover, "motions for reconsideration 'should not be used to rehash arguments already briefed.'" *Id.* (quoting *Dentsply Int'l v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).  A party moving to alter or amend an order pursuant to Fed. R. Civ. P. 59 "must establish one of three grounds:  (i) there is an intervening change in controlling law, (ii) new evidence has become available, or (iii) there is a need to correct the court's clear error of law or fact to prevent manifest injustice." *Id.*

As with motions to reconsider, "[m]otions for reargument shall be sparingly granted." D. Del. L.R. 7.1.5.  When deciding a motion filed pursuant to Local Rule 7.1.5, "[a] court should only grant reargument when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension." *Id.*  According to this Court, "motions for reargument cannot be granted in circumstances where the movant simply 'rehashes material and theories already briefed and decided.'" *BP Amoco*, 200 F. Supp. 2d at 432 (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)).

---

[2] In *BP Amoco*, the Court noted that, in ruling on a motion to reconsider, it will incorporate the standards of Fed. R. Civ. P. 59 and D. Del. L.R. 7.1.5 relating to motions for reargument.  As such, Continental Motors will address the standards of review applicable to both rules. *See* 200 F. Supp. 2d at 432 n.2.

Plaintiffs' motion for reargument should be denied because the issue raised by Plaintiffs—whether Continental was acting in its capacity as a manufacturer during the alleged rebuild of the Magneto—has already been briefed and decided.  As set forth above, Plaintiffs raised this issue during the hearing on Continental's motion for summary judgment and in their supplemental brief in further support of their opposition to Continental's motion for summary judgment.  (*See* Ex. A, 12:6-22; D.I. 232, at PageID # 4168-70 D.I. 266 at PageID # 5307, 5312.)  Moreover, the Court specifically addressed this issue in its memorandum opinion and decided that Continental was entitled to GARA's protections because it was acting within its capacity as a manufacturer during the alleged rebuild of the Magneto.  (*See* D.I. 268 at PageID # 5336-37.)  Because Plaintiffs' motion for reargument is nothing more than an attempt to rehash material and theories that have already been briefed and decided, this Court should deny Plaintiffs' motion for reargument.

**II.     The 18-year statute of repose set forth in GARA preempts all state law claims against an aviation manufacturer acting within its capacity as a manufacturer after the 18-year period has run.**

Section 2(d) of GARA specifically states that its 18-year statute of repose "supersedes any State law to the extent that such law permits a civil action described in subsection (a) to be brought after the applicable limitation period for such civil action established by subsection (a)." *See* GARA § 2(d).  Moreover, Congress specifically intended GARA to preempt all State law claims when it applies.  *See* H.R. Rep. No. 103-525(II) ("Given the conjunction of all these exceptional circumstances, the Committee was willing to take the unusual step to preempting State law in this one extremely limited circumstance.").  Courts have consistently held that GARA preempts State law when it applies.[3]  *See, e.g.*, *Alter v. Bell Helicopter Textron Inc.*, 944

---

[3] To the extent Plaintiffs argue that the Third Circuit's *Sikkelee* line of cases hold that GARA was not intended to preempt state law claims, they are incorrect.  *See Sikkelee v. Precision*

6

F. Supp. 531, 536-37 (S.D. Tex. 1996) ("Under GARA, there is no possibility of recovery . . . under Texas state law for negligent design, manufacture, or testing of the helicopter and component engine part alleged to have caused the crash."); *Bain v. Honeywell Int'l, Inc.*, 167 F. Supp. 2d 932, 937 (E.D. Tex. 2001) ("GARA precludes Plaintiffs from recovering . . . under Texas state law for the following claims: (1) strict liability for defective design, manufacture, and marketing; (2) negligent design, testing, manufacture, and marketing; and (3) negligent failure to warn."). In this case, GARA applies to bar Plaintiffs' claims and preempts any State law claims they assert because (1) its 18-year statute of repose has run as to the Aircraft (*see* D.I. 268 at PageID # 5333); (2) Continental was acting in its capacity as a manufacturer as it relates to Plaintiffs' claims against the Magneto (*see id.* at PageID #5336-37); and (3) Plaintiffs failed to present any evidence that a new part installed on the Aircraft within 18 years of the Accident caused the Accident (*see id.* at PageID #5338-39). As such, this Court should deny Plaintiffs' motion for reargument.

**III.   The 18-year statute of repose set forth in GARA bars Plaintiffs' purported claims regarding the rebuild of the Magneto because Continental was acting "in its capacity as a manufacturer" when it allegedly rebuilt the Magneto.**

GARA's statute of repose applies to claims "brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer . . . ." *See* GARA § 2(a). Courts routinely hold that a

---

*Airmotive Corp.*, 907 F.3d 701 (3d Cir. 2018) ("*Sikkelee III*") (holding that the plaintiff's claims were not barred by the doctrine of conflict preemption); *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680 (3d Cir. 2016) ("*Sikkelee II*") (holding that the plaintiff's tort claims were not barred by the doctrine of field preemption). In fact, the *Sikkelee II* court specifically recognized that "[i]n enacting GARA, Congress 'voted to permit, in this exceptional instance, a very limited Federal preemption of State law,' that is, only where GARA's statute of repose has run are state law claims preempted." 822 F.3d at 697 (quoting H.R. Rep. No. 103-525(II)); *see also Lunn v. Hawker Beechcraft Corp.*, 417 P.3d 1206, (Okla. Civ. App. 2018) (stating that the *Sikkelee II* court "recognized once GARA's statute of repose has run, then state law claims are preempted").

defendant is acting "in its capacity as a manufacturer" when the defendant engaged in conduct that is exclusively reserved to aviation manufacturers. *See, e.g.*, *Estate of Grochowske v. Romey*, 813 N.W.2d 687, 695-97 (Wis. Ct. App. 2012) (holding that plaintiffs' failure to warn claim was barred by GARA because the publication of service materials was accomplished within its capacity as a manufacturer of the product at issue); *Mason v. Schweizer Aircraft Corp.*, 653 N.W.2d 543, 549-52 (Iowa 2002) (holding that a manufacturer did not cross the line from manufacturer to service provider when it issued service materials); *Burroughs v. Precision Airmotive Corp.*, 93 Cal. Rptr. 2d 124, 134-39 (Cal. Ct. App. 2000) (holding that the plaintiffs' failure to warn claim was barred by GARA because the issuance of service bulletins by manufacturers was an act of a manufacturer and not a service provider).[4]

In this case, Plaintiffs do not (and cannot) dispute that Continental holds Parts Manufacturing Authority for the Magneto. Plaintiffs do not (and cannot) dispute that the Federal Aviation Regulations (and specifically 14 C.F.R. § 43.3(j)) state that rebuilding a part is an activity that is within the exclusive province of an aviation manufacturer. Plaintiffs do not (and cannot) dispute that rebuilding dual magnetos is an activity that is exclusively reserved to Continental as a manufacturer. To the extent Continental rebuilt the Magneto in 2002, it was not acting as a mechanic or a service provider in doing so. Instead, it was acting in its capacity as a manufacturer because it would have been engaged in conduct that is exclusively reserved to manufacturers by the Federal Aviation Regulations. As such, GARA's protections apply to Continental in this case and this Court should deny Plaintiffs' motion for reargument.

---

[4] Although Plaintiffs cite *Garcia v. Wells Fargo Bank Nw., N.A.*, No. 10-20383-CV, 2011 WL 6257148, *3 (S.D. Fla. Dec. 14, 2011), that case is inapposite to the facts at issue here because, in that case, the court held that GARA did not apply because it was undisputed that the defendant asserting GARA did not manufacture the part at issue.

### IV. Plaintiffs should not be permitted to recharacterize their claims in a way that contradicts the evidence in this case in order to avoid GARA's statute of repose.

The cases interpreting GARA prohibit plaintiffs from artfully characterizing their claims in an attempt to avoid its statute of repose. *See Grochowske*, 813 N.W.2d at 630-35; *see also Moore v. Hawker Beechcraft Corp.*, No. N09C-12-020MMJ, 2011 WL 6400670, *9 (Del. Super. Dec. 15, 2011) (recognizing that permitting a plaintiff to sue for a design defect every time a part is overhauled or replaced would eviscerate GARA's statute of repose); *Burton v. Twin Commander Aircraft LLC*, 254 P.3d 778, 785 (Wash. 2011) (holding that the plaintiff's claim that the defendant was not a manufacturer conflicted with his assertion of products liability claims against the defendant in its capacity as a manufacturer); *Campbell v. Parker-Hannifin Corp.*, 82 Cal. Rptr. 2d 202, 209-10 (Cal. Ct. App. 1999) (holding that GARA's statute of repose cannot be circumvented when the plaintiffs are attempting to hold an aviation manufacturer liable for actions connected with its role as a manufacturer).

In *Grochowske*, the plaintiffs' claims that the manufacturer's service instructions were defective were based on the alleged design defect. The plaintiffs also claimed that the service instructions failed to warn of the defective condition and failed to properly instruct as to the defective condition. The court rejected the plaintiffs' contention that GARA did not bar those claims, the court stated:

> We agree with the above decisions holding that the statute of repose applies to an attempt to sue a manufacturer for a design flaw in the component—ostensibly not for the design flaw in the component, but for the failure of the manufacturer's manual to warn of, or adequately correct the flaw. The manual is not a separate product giving rise to a separate cause of action; it is evidence used to support failure to warn and instruct theories involving the manufacturer's allegedly defective fuel servo. Allowing the plaintiffs to use artful pleadings to bypass GARA's protections and sue [the manufacturer] for actions it took in its capacity as a manufacturer outside of the repose period would undermine the legislative intent behind the statute of repose.

813 N.W.2d at 635. Based on this reasoning, the court would not allow the plaintiffs to recharacterize their claims in such a way that would avoid GARA's bar while allowing the plaintiffs to maintain their design defect claim. *See id.*

Plaintiffs' discovery responses, their expert reports and declarations, and their representations to the Court during the hearing on Continental's motion for summary judgment belie their contentions that they are asserting any claims against Continental arising from the alleged rebuild of the Magneto in 2002. Specifically, Plaintiffs' discovery responses, expert reports, and expert declarations do not set forth any allegations that Continental committed any wrongful or negligent conduct during the rebuild of the Magneto in 2002. (*See* D.I. 223 at PageID # 3638-43, 3659-64; D.I. 229 at Page ID # 3736, ¶ 30, 31; D.I. 229-2 at PageID # 3747; D.I. 230 at PageID # 3754-55, 3761-64, ¶ 8, 35, 41, 45; D.I. 230-2 at PageID # 3782; D.I. 231 at PageID # 3881, ¶ 9; D.I. 231-2 at PageID # 3902.) Moreover, Plaintiffs' counsel represented to the Court that (1) Plaintiffs' experts do not criticize the rebuild in 2002 and (2) that the 2002 rebuild was "not in dispute." (*See* Ex. A, 14:7-11, 22:23-22:16.) In other words, Plaintiffs have exclusively focused on the design of the Magneto in this case and have not offered any support for their position that Continental was negligent during the rebuild of the Magneto. As in *Grochowske* and *Moore*, Plaintiffs' claims arise solely out of an alleged design defect and have nothing to do with any conduct by Continental during the 2002 rebuild. Plaintiffs' contentions in the motion for reargument are simply an attempt to artfully reframe their claims to avoid GARA's bar. Because Plaintiffs' claims are related exclusively to an alleged design defect in the Magneto and not to any conduct by Continental during the alleged rebuild in 2002, those claims are barred by GARA and this Court should deny Plaintiffs' motion for reargument.

## **CONCLUSION**

For the reasons set forth above, Continental respectfully requests that this Court deny Plaintiffs' motion for reargument.

            Respectfully submitted,

            WILKS, LUKOFF & BRACEGIRDLE, LLC

            By:   */s/ Andrea S. Brooks*
                  Andrea S. Brooks (DE Bar No. 5064)
                  Julie M. O'Dell (DE Bar No. 6191)
                  4250 Lancaster Pike, Suite 200
                  Wilmington, Delaware 19805
                  (302) 225-0850 Telephone
                  (302) 225-0851 Facsimile
                  abrooks@wlblaw.com
                  jodell@wlblaw.com

            *Attorneys for Continental Motors, Inc.*

Of Counsel:
Sherri R. Ginger (admitted *pro hac vice*)
Mark B. Roberts (admitted *pro hac vice*)
Timothy A. Heisterhagen (admitted *pro hac vice*)
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 N. Water Street
Mobile, Alabama 36602
(251) 405-1300 Telephone
(251) 432-6843 Facsimile
srg@ajlaw.com
mbr@ajlaw.com
tah@ajlaw.com

John S. Bagby, Jr. (admitted *pro hac vice*)
BAGBY & ASSOCIATES, LLC
43 Leopard Road, Suite 301
Paoli, PA 19301
(610) 889-1550 Telephone:
(610) 889-1571 Facsimile
jbagby@bagbylaw.com

Dated: April 20, 2020