IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOAN E. QUINN, Individually and as Personal
Representative of the Estate of JAMES ALBERT
QUINN, Deceased, et al.,

    Plaintiffs,

v.

AVCO CORPORATION, et al.,

    Defendants.

Civil Action No. 15-cv-01005-RGA

MEMORANDUM ORDER

Presently before me is Plaintiffs' Motion for Reargument of Defendant Continental Motors, Inc.'s Motion for Summary Judgment. (D.I. 271). The motion is fully briefed. (*Id.*, 272). For the reasons set forth below, Plaintiffs' motion is GRANTED.

I. **BACKGROUND**

This action arises out of an airplane crash that occurred on November 5, 2013. (D.I. 222, Ex. A-1 at 1). Following oral argument, I concluded that the General Aviation Revitalization Act (GARA), Pub. L. No. 103-298, 108 Stat. 1552 (codified at 49 U.S.C. § 40101 note), barred Plaintiffs' claims against Continental for its 2002 rebuild of the dual magneto. (D.I. 268 at 15-16). A full description of the relevant facts can be found in the Court's Memorandum Opinion granting summary judgment to Continental. (D.I. 268).

Plaintiffs move for reargument on the grounds that Continental is not entitled to the protections of GARA for its role as the rebuilder and seller of the dual magneto. (D.I. 271 at 3).

1

## II. LEGAL STANDARD

Motions for reargument are to be sparingly granted. D.Del. LR 7.1.5. Such motions are appropriately granted where the movant demonstrates: "(1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice." *Carroll v. Astrue*, 2010 WL 900095, at *1 (D. Del. March 12, 2010). Accordingly, the "grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided." *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

## III. DISCUSSION

Plaintiffs move for reargument on two grounds. First, Plaintiffs argue that the Court improperly conflated "rebuilding" and "manufacturing" when interpreting GARA. (D.I. 271 at 4). Second, Plaintiffs note that the Court failed to address Continental's sale of the magneto, which they argue provides an alternative hook for liability. (*Id.*)

With their first argument, Plaintiffs appear to be asking the Court to reconsider a decision of statutory interpretation. The threshold issue when deciding whether to grant summary judgment based on GARA was whether Continental qualified as a "manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft" and was being sued in its "capacity as a manufacturer" and thus entitled to the statute's protection. GARA § 2(a); (D.I. 268 at 11-12). In its briefing, Continental argued that Plaintiffs' claims were precluded by GARA, in part, because it was being sued in its capacity as a manufacturer. (D.I. 222 at 17). In their Answering Brief, Plaintiffs did not dispute that Continental was being sued in its capacity as a manufacturer. In their Supplemental Briefing, Plaintiffs referred to the magneto "as rebuilt by Continental in its capacity of a manufacturer."

2

(D.I. 266 at 5-6).[1] At oral argument, however, Plaintiffs asserted that GARA did not apply to claims against Continental in its capacity as the rebuilder of the magneto. (D.I. 264 at 42:9-15).[2] Specifically, Plaintiffs stated, "They're not within the language of GARA because they're not concerning new components necessarily." (*Id.* at 42:11-12).

In their motion for reargument, Plaintiffs argue that the plain language and legislative history of GARA excludes rebuilders and sellers. (D.I. 271 at 5). Plaintiffs acknowledged that they asserted claims against Continental in its capacity as a manufacturer. (D.I. 266 at 2). It is unclear if Plaintiffs now assert that all their claims may continue against Continental as a rebuilder and seller of the magneto or if this motion for reargument would revive only a subset of their claims.[3] Regardless, Continental replies that all actions taken with respect to the rebuild were taken in its "capacity as a manufacturer" and that Plaintiffs are seeking to rehash material already briefed and decided. (D.I. 272 at 6, 8).

Plaintiffs also argue that the Court's opinion runs afoul of the Third Circuit's decision in *Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701, 711 (3d Cir. 2018), *cert. denied sub nom.*

---

[1] In their Supplemental Briefing, Plaintiffs allude to Continental's "liability in the capacity as a service provider/seller." (D.I. 266 at 7).

[2] At oral argument, Plaintiffs stated that there was one case—*Crouch*—that supported its argument, but that Plaintiffs had not cited it in their briefing. (D.I. 264 at 42:14-24). They did cite it in their supplemental briefing. (D.I. 266 at 4).

[3] Many of Plaintiffs' original claims under Delaware law have already been resolved for other reasons. Continental was only a defendant in Counts Four, Five, Six, Ten, Eleven, and Twelve. Summary judgment was granted on strict liability (Count Four), negligent infliction of emotional distress (Count Ten), the survival action on behalf of decedent's estate (Count Eleven), punitive damages, breach of warranty (Count Six), and claims by Plaintiffs except for Joan Quinn in her capacity as the personal representative of James Quinn's estate (Count Twelve). (*See* D.I 268 at 17). Thus, all that is at issue in the motion for reargument is negligence, as alleged in Count Five.

3

*Avco Corp. v. Sikkelee*, 140 S. Ct. 860 (2020).[4] *Sikkelee* primarily concerns the applicability of conflict preemption between the FAA-issued "type certificate" and state tort law. *Id.* at 712-13. While the case does emphasize the importance of state tort law in the field of airplane manufacturing, it does not concern the application of GARA's statute of repose, the phrase "capacity as a manufacturer," or contemplate the liability of rebuilders and sellers. *See id.* at 714-15. As such, I do not believe that *Sikkelee* precludes the Court's finding that GARA applies to Continental as the manufacturer of the magneto.

On summary judgment, I concluded that (1) Continental qualifies as a manufacturer under GARA because only a manufacturer can rebuild an aircraft per FAA regulations and (2) Continental qualifies as a manufacturer of "the aircraft" or a "new" part of the aircraft per § 2(a). 14 C.F.R. § 43.3(j); (D.I. 268 at 11-12). However, apart from identifying Continental as the manufacturer of the magneto, the Court's opinion did not expressly address whether Continental was being sued for the 2002 rebuild in its capacity as a manufacturer. Further, the opinion noted that "the manufacturer, while not liable as the manufacturer, and, for example, not liable for defective design, would still face liability for negligence [for a rebuilt part] akin to what an overhauler would face, that is, for example, liability for negligent workmanship." (D.I. 268 at 14). The opinion did not address Plaintiffs' statement that claims existed against Continental separately in its capacity as the seller and rebuilder of the magneto. (D.I. 266 at 2).

While I disagree with Plaintiffs' characterization of the Court's error, the possibility that summary judgment was granted on claims neither fully briefed nor argued is sufficient to warrant a grant of reargument. *See Carroll*, 2010 WL 900095, at * 1 (explaining that reargument "may

---

[4] Plaintiffs did not previously cite this case in their summary judgment briefing or supplemental briefing.

be appropriate" where the court "has made a decision outside the adversarial issues presented to the court by the parties") (quoting *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). At this stage it is unclear what Plaintiffs' claims against Continental as a rebuilder and a seller consist of and whether they are covered by the existing grant of summary judgment. Plaintiffs only cite to Counts Four[5] and Five of the Complaint in their motion for reargument and Count Five alone appears to contain fifty-four separately-stated negligence theories. (D.I. 1 at ¶¶ 123.a-bbb; D.I. 271 at 4). As such, I will grant reargument on: (1) whether the phrase "capacity as a manufacturer" includes a manufacturer acting as a rebuilder or a seller; (2) the status of Plaintiffs' claims against Continental in its capacity as a rebuilder; (3) the status of Plaintiffs' claims against Continental in its capacity as a seller.

Continental argues that Plaintiffs are simply refashioning their claims in order to avoid GARA's statute of repose for manufacturers. (D.I. 272 at 9-10 (citing *Estate of Grochowske v. Romey*, 813 N.W.2d 687, 697-700 (Wis. Ct. App. 2012)). Without an understanding of which claims Plaintiffs assert against Continental in its "capacity as a rebuilder" and its "capacity as a seller," it is impossible to evaluate Continental's argument. Additional briefing should help.

## IV. CONCLUSION

For the reasons set for above, Plaintiffs' motion for reargument (D.I. 271) is **GRANTED**. The previous order (D.I. 269) is **VACATED** in part as to the portions of Count Five that are alleged against Continental as a rebuilder and a seller. The parties should understand that I am not deciding anything in Plaintiffs' favor by this ruling. I am merely acknowledging that I did not consider certain arguments (which were sketchily set forth at best), and that I think it would

---

[5] Summary Judgment was properly granted as to Count Four, which contained Plaintiffs' strict liability claims. (D.I. 1 at ¶¶ 108-119).

work a manifest injustice on Plaintiffs if I did not fully consider them. The parties should consult and agree to a briefing schedule (with Plaintiffs going first). Any argument that Plaintiffs could make that is not fulsomely set forth in the opening brief will be considered to have been waived.

IT IS SO ORDERED this 4 day of March 2021.

_____
United States District Judge