IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAN E. QUINN, Individually and as Personal Representative of the Estate of JAMES ALBERT QUINN, Deceased, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVCO CORPORATION, et al., <br><br> Defendants. | Civil Action No. 15-1005-RGA |

MEMORANDUM

Before me is Plaintiffs' Supplemental Authority in Support of Their Motion for Reargument of Defendant Continental Motors, Inc.'s Motion for Summary Judgment. (D.I. 277). The motion is fully briefed. (D.I. 277, 278, 279). For the reasons stated below, Plaintiffs' motion is DENIED.

## I. BACKGROUND

This action arises out of an airplane crash that occurred on November 5, 2013. (D.I. 222, Ex. A-1 at 1). Following oral argument, I concluded that the General Aviation Revitalization Act (GARA), Pub. L. No. 103-298, 108 Stat. 1552 (codified at 49 U.S.C. § 40101 note), barred Plaintiffs' claims against Continental for its 2002 rebuild of the dual magneto. (D.I. 268 at 15–16). A full description of the relevant facts can be found in the Court's Memorandum Opinion granting summary judgment to Continental. (D.I. 268).

1

Plaintiffs moved for reargument on the grounds that Continental is not entitled to the protections of GARA for its role as the rebuilder and seller of the dual magneto. (D.I. 271). I granted reargument on three issues: (1) whether the phrase "capacity as a manufacturer" includes a manufacturer acting as a rebuilder or a seller; (2) the status of Plaintiffs' claims against Continental in its capacity as a rebuilder; and (3) the status of Plaintiffs' claims against Continental in its capacity as a seller. (D.I. 274 at 5).

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Id.*

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.  DISCUSSION

GARA's 18-year statute of repose applies to claims "brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the

aircraft, in its capacity as a manufacturer . . . ." GARA § 2(a). Plaintiffs argue that the phrase "capacity as a manufacturer" does not include rebuilders or sellers. (D.I. 277 at 4–9). Thus, Plaintiffs contend that Continental was not acting in its capacity as a manufacturer when it rebuilt and sold the magneto in 2002 and GARA's protections do not apply. (*Id.*).

Plaintiffs first argue that since GARA contains no mention of "rebuilders" or "sellers," Congress did not intend to shield them from liability. (*Id.* at 5). They also rely on a legislative report which clarifies the meaning of GARA § 2(a). The report provides:

> The ["in its capacity as a manufacturer"] limitation is intended to insure that parties who happen to be manufacturers of an aircraft or a component part are not immunized from liability they may be subject to in some other capacity. For example, in the event a party who happened to be a manufacturer committed some negligent act as a mechanic of an aircraft or as a pilot, and such act was a proximate cause of an accident, the victims would not be barred from bringing a civil suit for damages against that party in its capacity as a mechanic.

H.R. REP. 103-525(II). Plaintiffs argue, "Certainly, this language demonstrates that Congress specifically contemplated manufacturers performing maintenance services, such as rebuilding a product, and determined that manufacturers who are not acting like manufacturers should not be afforded GARA protection." (D.I. 277 at 6).

Plaintiffs contend that rebuilding a magneto is an unprotected maintenance procedure. (*Id.*). Plaintiffs reason that a manufacturer is authorized to rebuild an aircraft part under 14 C.F.R. § 43.3, which applies to the role of maintenance personnel. (*Id.*). They assert that 14 C.F.R. pt. 21 provides the regulations that apply to manufacturers "in their capacity as manufacturers." (*Id.*). Thus, they argue that since rebuilding a magneto is authorized under part 43 instead of part 21, it is a maintenance procedure performed in the manufacturer's capacity as a mechanic, not as a manufacturer. (*Id.*).

3

I do not think that the structure of the FAA regulations shows that rebuilding a magneto is a maintenance procedure performed by a manufacturer in its capacity as a mechanic rather than in its capacity as a manufacturer. Although rebuilt parts are governed under part 43 rather than part 21, they must meet the same tolerances and limits as new parts. *See* 14 C.F.R. § 43.2(b) ("No person may describe in any required maintenance entry or form an aircraft . . . or component part as being rebuilt unless it has been disassembled, cleaned, inspected, repaired as necessary, reassembled, and tested to the same tolerances and limits as a new item, using either new parts or used parts that either conform to new part tolerances and limits or to approved oversized or undersized dimensions."). This is different than the standards required for general maintenance. For example, an overhauled part[1] must be "tested in accordance with approved standards and technical data." *Id.* § 43.2(a); *see also id.* § 43.13 ("Each person performing maintenance, alteration, or preventive maintenance on an aircraft, engine, propeller, or appliance shall use the methods, techniques, and practices prescribed in the current manufacturer's maintenance manual or Instructions for Continued Airworthiness prepared by its manufacturer, or other methods, techniques, and practices acceptable to the Administrator . . . .").

Further, only a manufacturer can rebuild an aircraft part. *Id.* § 43.3(j). "Unlike with repairs or overhauls, the manufacturer itself controls when a part is rebuilt." (D.I. 268 at 12). In the original opinion granting summary judgment, I concluded that Continental qualifies as a manufacturer under GARA because only a manufacturer can rebuild an aircraft per FAA

---

[1] One court has stated that an "overhauled" part is one that "is removed for maintenance and returned to the aircraft." *Robinson v. Hartzell Propeller Inc.*, 326 F. Supp. 2d 631, 663 (E.D. Pa. 2004).

regulations.[2] (D.I. 268 at 11–12). It makes no sense to say that Continental is a "manufacturer" under GARA because it rebuilt the magneto but then conclude that Continental was not acting "in its capacity as a manufacturer" when it rebuilt the magneto. If only a manufacturer can rebuild an aircraft part, then a manufacturer who rebuilds an aircraft part is necessarily acting in its capacity as a manufacturer.[3]

The parties do not cite—and the Court did not find—any cases addressing whether the phrase "capacity as a manufacturer" includes rebuilders. Continental directs the Court to a line of cases holding that a manufacturer is acting in its capacity as a manufacturer when it publishes maintenance manuals. *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 339–41 (6th Cir. 2013); *Est. of Grochowske v. Romey*, 813 N.W.2d 687, 695–97 (Wis. Ct. App. 2012); *Mason v. Schweizer Aircraft Corp.*, 653 N.W.2d 543, 549–52 (Iowa 2002); *Burroughs v. Precision Airmotive Corp.*, 93 Cal. Rptr. 2d 124, 133–39 (Cal. Ct. App. 2000). These holdings are based on the fact that federal regulations require manufacturers to publish these manuals. *See Crouch*, 720 F.3d at 340. Although a manufacturer is not required by law to rebuild an aircraft part, I do find the "maintenance manual" line of cases instructive. A manufacturer that rebuilds an aircraft part—just like a manufacturer that publishes a maintenance manual—is engaging in conduct that is exclusively reserved to aviation manufacturers by federal regulations.

Thus, I conclude that a manufacturer is acting "in its capacity as a manufacturer" under GARA when it rebuilds an aircraft part. Because Continental was acting in its capacity as a

---

[2] Plaintiffs do not appear to challenge this finding. (*See* D.I. 277 at 5).
[3] The fact that only manufacturers can rebuild aircraft parts also renders Plaintiffs' statutory language argument unpersuasive. (See D.I. 277 at 5). If only manufacturers can rebuild aircraft parts, then it was unnecessary for Congress to separately reference "rebuilders" in the statute. All "rebuilders" are "manufacturers."

manufacturer when it rebuilt and sold[4] the magneto in 2002, GARA applies. Plaintiffs' new argument thus does not change my original holding that Plaintiffs' negligence claims against Continental are barred under GARA. (D.I. 268 at 15–16). I therefore reaffirm my grant of Continental's motion for summary judgment as to Plaintiffs' negligence claims in Count Five of the Complaint.

IV. CONCLUSION

An appropriate order will issue.

Entered this 3 day of March, 2022.

Richard G. Andrews
United States District Judge

---

[4] Plaintiffs do not make any separate arguments that Continental's sale of the rebuilt magneto was not in its capacity as a manufacturer. But Plaintiffs do cite *Garcia v. Wells Fargo Bank Nw., N.A. Tr.*, 2011 WL 6257148 (S.D. Fla. Dec. 14, 2011). In *Garcia*, the airplane manufacturer argued that it was protected from liability under GARA for the sale of a replacement part which allegedly caused the accident. *Id.* at *3. The court rejected this argument, stating, "Neither the text of GARA nor the Judiciary Committee Notes make mention of a special exception for airplane manufacturers who then sell replacement parts. . . . GARA does not prohibit Plaintiff from bringing a strict liability action against Defendant for its role as a seller of a product that allegedly malfunctioned and caused injury." *Id.* In *Garcia*, however, it was undisputed that the airplane manufacturer did not manufacture the replacement part that caused the accident. It merely sold the part. Here, Continental rebuilt and sold the magneto. As I concluded above, Plaintiffs' claims against Continental for the rebuild of the magneto are barred under GARA. If Plaintiffs were allowed to maintain a suit for Continental's sale of the rebuilt magneto, this would pave the way for plaintiffs to easily recharacterize their claims to avoid GARA. *See Grochowske*, 813 N.W.2d at 700 ("Allowing the plaintiffs to use artful pleadings to bypass GARA's protections and sue [the manufacturer] for actions it took in its capacity as a manufacturer outside of the repose period would undermine the legislative intent behind the statute of repose."). For example, plaintiffs could avoid GARA by characterizing a design defect claim as a claim that a manufacturer negligently sold a defective part. (*See* D.I. 278 at 6–7). Thus, GARA applies to both Continental's rebuild and sale of the magneto.